Jesse P. LIRETTE, Sr., Robert W. Benzinger, Andre Kraiem and Victor Kraiem, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

SHIVA CORPORATION, Frank A. Ingari, Cynthia A. Deysher and David S. Cole, Defendants.

No. CIV. A. 97–11159–WGY.

United States District Court, D. Massachusetts.

March 26, 1998.

Steven Schulman, Lori G. Feldman, William C. Fredericks, Kim Elaine Miller, David Bershad, Sanford P. Dumain, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, Barbara A. Podell, Stuart H. Savett, Savett, Frutkin, Podell & Ryan, P.C., Philadelphia, PA, Lawrence Soicher, Law Offices of Lawrence Soicher, New York City, Richard S. Schiffrin, Andrew L. Barroway, Schiffrin & Craig, Ltd., Bala Cynwyd, PA, David Jaroslawicz, Jaroslawicz & Jaros, New York City, Stephen Moulton, Nancy F. Gans, Moulton & Gans, Boston, MA, for Jesse P. Lirette, Sr., Plaintiff.

Steven Schulman, Lori G. Feldman, William C. Fredericks, Kim Elaine Miller, David Bershad, Sanford P. Dumain, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, Barbara A. Podell, Stuart H. Savett, Savett, Frutkin, Podell & Ryan, P.C., Philadelphia, PA, Lawrence Soicher, Law Offices of Lawrence Soicher, New York City, Richard S. Schiffrin, Andrew L. Barroway, Schiffrin & Craig, Ltd., Bala Cynwyd, PA, Stephen Moulton, Nancy F. Gans, Moulton & Gans, Boston, MA, for Andre Kraiem, Plaintiff.

Steven Schulman, Lori G. Feldman, William C. Fredericks, Kim Elaine Miller, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, Barbara A. Podell, Stuart H. Savett, Savett, Frutkin, Podell & Ryan, P.C., Philadelphia, PA, Lawrence Soicher, Law Offices of Lawrence Soicher, New York City, Richard S. Schiffrin, Andrew L. Barroway, Schiffrin & Craig, Ltd., Bala Cynwyd, PA, Stephen Moulton, Nancy F. Gans, Moulton & Gans, Boston, MA, for Victor Kraiem, Plaintiff.

Jeffrey S. Abraham, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, for Michael Prozan, Morris Satloff, Mark R. Katz, On behalf of themselves and all others similarly situated, Consolidated Plaintiffs.

William H. Paine, Jeffrey B. Rudman, James J. Nicklaus, Hale & Dorr, Boston, MA, for Frank A. Ingari, Cynthia A. Deysher, David S. Cole, Defendants.

### ORDER

YOUNG, District Judge.

The first paragraph of the Complaint in this matter contains general and undifferentiated assertions that the allegations that follow are not only founded on "information and belief," but are also based upon "investigation by plaintiffs' counsel." *See* Compl. ¶ intro. This is no longer an acceptable approach to pleading. As the Private Securities Litigation Reform Act, Pub.L. No. 104–67, § 101(b), 109 Stat. 737, 743–49, (Dec. 22, 1995) (codified at 15 U.S.C. § 78u–4), makes clear beyond peradventure, "if an allegation regarding the [allegedly misleading] statement or omission is made on information and belief, the complaint must state with particularity all the facts on which that belief is based." 15 U.S.C. § 78u–4(b)(1). The Plaintiffs here fail utterly to comply with this enhanced pleading requirement.

Accordingly, within ten days of the date of this Order, the Plaintiffs shall specify, as to each particular allegation (i.e., every sentence or clause separated by a comma or conjunction), whether that allegation is made upon information and belief or is supported by some document or statement on personal knowledge by a potential witness. Sources need not be specified, but the Court needs to know which is which. As to statements made upon information and belief, the Court will assume that the factual averments set out "with particularity all the facts on which the belief is formed." The response to this Order may be styled as a "Supplement" to the Complaint.

SO ORDERED.