Robert J. **FEENEY, John Cole, Trent
Hildebrand, Burt W. Price and Frank
J. Murphy, individually and on behalf
of all those similarly situated, Plain-
tiffs,**

v.

**MEGO MORTGAGE CORPORATION,
Jeffrey S. Moore, and Mego Financial
Corporation, Defendants.**

No. 1:98–cv–0593–CAM.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 8, 1999.

W. Pitts Carr, Carr Tabb & Pope, Atlan-
ta, GA, for John Cole, Trent Hildebrand,
Burt W. Price, Frank J. Murphy.

W. Pitts Carr, Carr Tabb & Pope, Atlan-
ta, GA, Arnold Levin, phv, Levin Fishbein
Sedran & Berman, Philadelphia, PA, David
Jaroslawicz, phv, Jaroslawicz & Jaros,
New York City, Robert P. Frutkin, phv,
Barbara A. Podell, phv, Stuart H. Savett,
phv, Savett Frutkin Podell & Ryan, Phila-
delphia, PA, Deborah R. Gross, phv, Office
of Bernard M. Gross, Philadelphia, PA, for
Robert J. Feeney.

Michael R. Smith, Letitia M. Brown,
Dan Shamus McDevitt, King & Spalding,
Atlanta, GA, Winifred D. Simpson, Antho-
ny C. Walsh, Tracy Michelle Nelson,
Troutman Sanders, Atlanta, GA, for Mego
Mortgage Corporation.

Michael R. Smith, Letitia M. Brown,
Dan Shamus McDevitt, King & Spalding,
Atlanta, GA, for Jeffrey S. Moore.

Anthony C. Walsh, Troutman Sanders,
Atlanta, GA, for Mego Financial Corp.

### ORDER

MOYE, Senior District Judge.

The above-styled action is before the
court on 1) defendants Mego Mortgage
Corporation and Jeffrey S. Moore's motion
to dismiss [# 19]; and 2) defendant Mego
Financial Corporation's motion to dismiss
[# 18].

Fed.R.Civ.P. 8(a) provides that a com-
plaint shall contain:

(1) a short and plain statement of the
grounds upon which the court's jurisdic-
tion depends ... (2) a short and plain
statement of the claim showing that the
pleader is entitled to relief, and (3) a

demand for judgment for the relief the pleader seeks.

These requirements are linked to Rule 11(b)(3) Fed.R.Civ.P. which provides:

> (b) By presenting to the court ... a pleading ..., an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> * * * * * *
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ...

15 U.S.C. § 78u–4(b)(1) goes further in this regard and requires that a complaint involving securities fraud actions, as here, shall specify: "each statement alleged to have been misleading, the reasons or reasons why the statement is misleading, and if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." In addition, 15 U.S.C. § 78u–4(b)(2) provides that the complaint "shall, with respect to each act or omission alleged[,] ... state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."

■ Plaintiffs' Amended Complaint does not comply with any of these requirements. Contrary to Fed.R.Civ.P. 8(a)'s requirements, the Amended Complaint is replete with lengthy, argumentative assertions such as are more appropriately reserved for jury summation.

Most importantly, however, the Amended Complaint begins:

> Plaintiffs, by their attorneys, allege upon information and belief, based on the investigation conducted by counsel, except as to those paragraphs relating to plaintiffs, their transactions in the stock of Mego Mortgage and their suitability to serve as a class representatives, which are alleged on personal knowledge, as follows:

(Amended Complaint preamble). Thus, except for the paragraphs relating to their trades in Mego Mortgage stock (and as to these the precise dates of plaintiffs' purchases, critical in this type of case, are omitted) and their suitability as class representatives, all of plaintiffs' allegations are made on information and belief. Plaintiffs have failed to allege positively the particular facts upon which they base their information and belief that defendants committed securities fraud as required by 15 U.S.C. § 78u–4(b)(1).[1] "[G]eneral and undifferentiated assertions that the allegations that follow are ... founded on 'information and belief,' [and] based upon 'investigation by plaintiffs' counsel' .... utterly fail to comply with th[e] pleading requirement [of the Reform Act]" (*Lirette v. Shiva Corporation;* 999 F.Supp. 164, 165 (D.Mass.1998)) or even the Federal Rules themselves.

Moreover, as to each statement or omission, plaintiffs have not set forth particular facts that give rise to a strong inference that the defendants acted with the required state of mind. Plaintiffs have failed to set forth specific facts that show what defendants knew, how they knew it and when they knew it. Plaintiffs' unsupported allegations that defendants knew that the alleged statements were false when made or that defendants "must have known" the falsity of their statements because making false statements would have made it easier to obtain financing are not sufficient to meet the pleading requirements.

---

1. Plaintiffs must set forth "precisely what statements or omissions were made in what documents or oral presentations, who made the statements, the time and place of the statements, the contents of the statements or manner in which they misled the plaintiffs, and what the defendants gained as a consequence." *In re Miller Industries Inc. Securities Litigation,* Civil Action No. 1:97–cv–2811–TWT, p. 5 (N.D.Ga. March 20, 1998) (Thrash, Jr. J.) (citing *Brooks v. Blue Cross and Blue Shield of Florida,* 116 F.3d 1364, 1371 (11th Cir.1997)).

Plaintiffs' reference to "well-pleaded facts" in their memorandum in opposition to defendants' motions to dismiss is misleading; each of their so-called well-pleaded facts is itself, simply upon "information and belief" as initially stated in the Amended Complaint's preamble. If, as represented, plaintiffs or their counsel have made an adequate investigation prior to filing the complaint, there should be no difficulty in complying with the pleading requirements set forth above.

The Court is therefore dismissing the complaint without prejudice at this time for failure to comply with the above-referenced pleadings requirements, resulting in a complaint that fails to state a claim upon which any relief may be granted. The court emphasizes that it has not considered at this juncture the substantive question of whether the statements made in plaintiff's complaint, if considered as well-pleaded facts, would survive a motion to dismiss.

■ Having in mind that a complaint that may possibly be amended to state a claim upon which relief may be granted should not be dismissed, *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991), the court will entertain a motion by plaintiffs within THIRTY (30) DAYS hereof for leave to serve and file a second amended complaint.

In sum, the court hereby GRANTS defendants Mego Mortgage Corporation and Jeffrey S. Moore's motion to dismiss [# 19]; GRANTS defendant Mego Financial Corporation's motion to dismiss [# 18]; DISMISSES the Complaint without prejudice; will permit plaintiffs, upon proper motions, within THIRTY (30) DAYS hereof to serve and file a second amended (and redrafted) complaint.

The Clerk is DIRECTED not to close this case at this time and to resubmit it after THIRTY (30) DAYS.