928 F.2d 1108
 Fed. Sec. L. Rep. P 95,906, 19 Fed.R.Serv.3d 1165
 Richard and Jane BANK, individually and on behalf of all
those similarly situated, Plaintiffs-Appellants,
v.
John P. PITT, Edward A. Kramer, Edward L. Savage, Sr., R.C.
Mattson, Sr., Telematics International, Inc.,
Defendants-Appellees.
 No. 89-6149.
 United States Court of Appeals,
Eleventh Circuit.
 April 18, 1991.
 
 Marshall Cooper, Fort Lauderdale, Fla., Todd S. Collins, Philadelphia, Pa., for plaintiffs-appellants.
 Sergio Alvarez-Mena, III, Morgan, Lewis & Bockius, Miami, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before CLARK and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Richard and Jane Bank appeal the district court's dismissal of their action for failure to state a claim upon which relief can be granted. We reverse and remand for further proceedings.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 In the context of a motion to dismiss, we accept as true facts alleged in the complaint, and construe them in a light favorable to the plaintiffs. Franklin v. Gwinnett County Pub. Schools, 911 F.2d 617, 619 (11th Cir.1990).
 
 A. The Parties
 
 3
 Plaintiffs Richard and Jane Bank are shareholders in Telematics International, Inc. (Telematics). They allege that they purchased 500 shares of Telematics stock, at $9.25 per share, in November 1988.
 
 
 4
 Defendant Telematics designs, manufactures and markets high-performance, computer-based communications products. Shares of the corporation are traded on the NASDAQ National Market System. Defendants Pitt, Kramer, Savage and Mattson, during the relevant time period, were officers and directors of Telematics. We will refer to Telematics and the individual defendants collectively as the defendants.
 
 B. The Allegations
 
 5
 The complaint, filed as a class action on behalf of the Banks and all others who purchased Telematics common stock during the class period (September 27, 1988, through December 29, 1988), alleges a claim under section 10(b) of the Securities Exchange Act[1] and Rule 10b-5,[2] promulgated thereunder.
 
 
 6
 The Banks allege that the defendants engaged in a scheme to issue false and misleading statements to deceive the public, artificially inflate the price of Telematics stock, cause class members to purchase Telematics stock, and permit the individual defendants to sell portions of their common stock holdings at inflated prices.
 
 
 7
 The statements, issued in the form of press releases, were allegedly false and misleading because they misrepresented or failed to disclose material adverse information such as:
 
 
 8
 (a) That Telematics faced severe dangers of a decline in revenue and income from systems sales in the United States;
 
 
 9
 (b) That Telematics faced severe dangers of a decline in revenue and income from the postponement of large contract awards and orders;
 
 
 10
 (c) That earnings, at least in the short-term, would suffer as a result of Telematics' focus on the British Government Data Network and other long-term projects;
 
 
 11
 (d) That Spectrum Digital Corporation, acquired on September 2, 1988, would have a significant adverse impact on Telematics' earnings for the fourth quarter and for 1988;
 
 
 12
 (e) That despite Telematics' upbeat public statements and optimistic public reports regarding future prospects, through at least the fourth quarter of 1988 Telematics faced the likelihood of declining earnings.
 
 
 13
 Complaint at p 29. The complaint alleges the plaintiff class was damaged when, after Telematics announced disappointing year-end financial results, the price of Telematics stock dropped 25% in two days.
 
 C. The District Court's Order
 
 14
 The defendants responded to the complaint by filing a motion to dismiss. They contended that under Fed.R.Civ.P. 12(b)(6) and 9(b), the Banks failed to state a claim because there was no duty to disclose the information not reported, because the complaint lacked specific allegations of the circumstances of the alleged fraud sufficient to satisfy Rule 9(b), and because the fraud-on-the-market theory was not sufficiently pleaded.[3]
 
 
 15
 The district court granted the motion to dismiss. The court found that the Banks were complaining of the defendants' failure to disclose "soft" information, and because there is no duty to disclose such information, there could be no 10(b) liability. The court also found that the information not disclosed was immaterial, lending further support to the conclusion that there could be no 10(b) liability under these facts. At the end of its memorandum opinion and order dismissing the case, the district court wrote, "The Clerk of the Court is directed to close the file in the above-styled cause." No separate judgment, however, was ever entered.
 
 II. CONTENTIONS
 
 16
 The Banks argue that the district court erred in dismissing the action for failure to state a claim. They contend that under the standard articulated in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), the complaint states a claim upon which relief can be granted. They assert that the district court impermissibly drew inferences favorable to the defendants, misread the press releases, and incorrectly concluded that the information not disclosed was soft and immaterial. The Banks further argue that the complaint adequately alleged the fraud-on-the-market theory. Finally, they argue that if the complaint is deficient, the district court had a duty to dismiss the complaint with leave to amend.
 
 
 17
 The defendants argue that the district court's order should be affirmed because the complaint does not state a claim upon which relief may be granted. They assert that there is no duty to release the type of soft information the Banks wanted released. Any alleged omissions are not material, they assert, and therefore cannot be the basis of a securities fraud claim. They also argue that the fraud-on-the-market theory is inadequately alleged. Alternatively, the defendants reassert the argument that the complaint does not satisfy the requirements of Rule 9(b). Finally, the defendants reject the argument that the district court had a duty to dismiss the complaint with leave to amend.
 
 III. ISSUES
 
 18
 We must decide first whether we may properly exercise our appellate jurisdiction in this case. Because we answer this question in the affirmative, we will proceed to the next issue, whether the district court had a duty to dismiss the complaint with leave to amend. Because we answer this question in the affirmative also, we need not reach the other arguments advanced by the parties.
 
 IV. DISCUSSION
 A. Jurisdiction
 
 19
 Whether a court order is final and appealable is a question of law and is subject to independent review in this court. Combs v. Ryan's Coal Co., 785 F.2d 970, 976 (11th Cir.), cert. denied, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 120 (1986). Although the parties do not question our appellate jurisdiction, we are obligated to examine it sua sponte. See Finn v. Prudential-Bache Sec., Inc., 821 F.2d 581, 584-85 (11th Cir.1987), cert. denied, 488 U.S. 917, 109 S.Ct. 274, 102 L.Ed.2d 262 (1988). Fed.R.Civ.P. 58 requires that a final judgment be "set forth on a separate document." A search of the record reveals no such separate document. Technically, we do not have a final order, which of course is required before we may assume appellate jurisdiction. See 28 U.S.C. Sec. 1291.
 
 
 20
 In Bankers Trust Co. v. Mallis, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357, reh'g denied, 436 U.S. 915, 98 S.Ct. 2259, 56 L.Ed.2d 416 (1978), the Supreme Court faced a similar situation. The Court concluded that the sole purpose of Rule 58's separate document requirement was to clarify when the time for an appeal begins to run. Id. 435 U.S. at 384, 98 S.Ct. at 1120. This purpose would not be furthered by a holding that appellate jurisdiction does not exist without a separate document entering a judgment. Id. Also, just as in our case, the appellee in Mallis never objected to the absence of a separate document; the Court deemed that Rule 58's requirement had been waived. Id. at 387-88, 98 S.Ct. at 1121.
 
 
 21
 We find Mallis to be directly on point, thus compelling a conclusion that an assertion of appellate jurisdiction in this case is proper, as long as the district court intended the dismissal to represent its final decision in the case. See Mallis, 435 U.S. at 385 n. 6, 98 S.Ct. at 1120 n. 6. Given the district court's direction to the clerk to "close the file" in this case, we have no trouble concluding that the court intended the dismissal to be a final order. Eleventh Circuit case law also supports our conclusion. See Finn v. Prudential-Bache Sec., Inc., 821 F.2d 581, 585 (11th Cir.1987); Diaz v. Schwerman Trucking Co., 709 F.2d 1371, 1372 n. 1 (11th Cir.1983); Stein v. Reynolds Sec., Inc., 667 F.2d 33, 33 n. 1 (11th Cir.1982).
 
 B. Leave to Amend
 
 22
 The Banks argue that the district court erred in dismissing the action with prejudice without allowing them leave to amend. The defendants respond that the district court properly dismissed without leave to amend because the Banks never requested leave and because the Banks could prove no set of facts in support of their claim.
 
 
 23
 A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.' " Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir.1988) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (Former 5th Cir.1981)). Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it. See Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir.1985); Dussouy, 660 F.2d at 597-99.[4] This is still true where the plaintiff does not seek leave until after the district court renders final judgment, see Thomas, 847 F.2d at 773 (after district court dismissed plaintiff's complaint with prejudice, plaintiff filed motion for reconsideration that was denied; this court reversed and remanded, directing that plaintiff be permitted to amend his complaint), and even where the plaintiff never seeks leave to amend in the district court, but instead appeals the district court's dismissal, see Sarter v. Mays, 491 F.2d 675, 676 (5th Cir.1974) (complaint dismissed with prejudice and plaintiff appealed; court of appeals stated that "if the complaint does not adequately apprise the defendant of the nature of the plaintiff's claim, the court should allow the plaintiff to amend the pleadings to more plainly delineate the cause of action rather than dismiss the complaint.").[5]
 
 
 24
 If our precedent leaves any doubt regarding the rule to be applied in this circuit, we now dispel that doubt by restating the rule. Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.[6]
 
 
 25
 We note two important caveats to this rule. First, where the plaintiff has indicated that he does not wish to amend his complaint, the district court need not dismiss with leave to amend. In Friedlander v. Nims, 755 F.2d 810 (11th Cir.1985), during a hearing the district judge indicated several times to plaintiff's counsel that the complaint was deficient with regard to one defendant and recommended appropriate changes. Although counsel agreed with the judge that the complaint was deficient, and expressed an intent to amend it, he nevertheless failed to do so. In this situation, where the district court has a clear indication that the plaintiff does not want to amend his complaint, the court may properly dismiss without leave to amend. The second caveat to the rule is that if a more carefully drafted complaint could not state a claim under the standard of Conley, 355 U.S. at 45-46, 78 S.Ct. at 102, dismissal with prejudice is proper.
 
 
 26
 Turning to this case, the district court failed to adhere to the rule, and we conclude that neither of the caveats permit a dismissal with prejudice in this case. First, the court did not face a situation where the plaintiffs had indicated a desire not to amend. Although it is true that the Banks never requested leave to amend in the district court, it is also true that they were faced with a dismissal of the action; a final dismissal with prejudice is a signal to the plaintiffs that the court does not consider the defects in the complaint to be subject to cure by amendment. Immediately appealing the district court decision does not demonstrate the desire not to amend necessary to relieve the district court of the duty to dismiss with leave to amend.
 
 
 27
 Second, the district court dismissed the action after discussing the requirements of both Fed.R.Civ.P. 9(b) and 12(b)(6) and finding the complaint deficient. We cannot fault the district court for determining that the complaint fails to meet the requirements of either rule. The complaint is vaguely-worded and omits crucial allegations.[7] However, the complaint simply is not specific enough to permit an accurate determination regarding whether a claim is stated. We cannot say that more particular allegations could not demonstrate that the information not disclosed was "hard" instead of "soft." Therefore, because neither caveat applies in this case, the district court should not have dismissed the action with prejudice.
 
 V. CONCLUSION
 
 28
 We REVERSE the district court's dismissal of the action and REMAND with instructions to grant the Banks leave to amend.[8]
 
 
 29
 REVERSED and REMANDED.
 
 
 
 [1]
 15 U.S.C. Sec. 78j(b)
 
 
 [2]
 17 C.F.R. Sec. 240.10b-5 (1990)
 
 
 [3]
 As the basis of their complaint, the plaintiffs rely on what is commonly known as the fraud-on-the-market theory. The theory allows plaintiffs in some situations to allege "market reliance" in lieu of actual reliance. Our circuit has accepted this theory. See Lipton v. Documation, Inc., 734 F.2d 740 (11th Cir.1984), cert. denied, 469 U.S. 1132, 105 S.Ct. 814, 83 L.Ed.2d 807 (1985)
 
 
 [4]
 Dussouy is a Former Fifth Circuit case decided in November 1981. The Eleventh Circuit has never decided whether Former Fifth Circuit cases decided after September 30, 1981, are binding precedent. In dicta, however, we have indicated that such cases are binding precedent. See Tallahassee Branch of NAACP v. Leon County, 827 F.2d 1436, 1440 n. 1, cert. denied, 488 U.S. 960, 109 S.Ct. 402, 102 L.Ed.2d 391 (1988); Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir.1982). One commentator has reached the same conclusion. See Baker, A Primer on Precedent in the Eleventh Circuit, 33 Mercer L.Rev. 1175 (1983). We treat Dussouy as binding, but note that our decision would be unaffected even if the case is not binding
 
 
 [5]
 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc ), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981
 
 
 [6]
 We note that the rule that a plaintiff be given at least one chance to amend his complaint before the district court dismisses it with prejudice is consistent with the Federal Rules' fundamental goal that disputes be resolved on the merits, rather than on the pleadings. Under the Federal Rules, "the purpose of pleading is to facilitate a proper decision on the merits." Conley, 355 U.S. at 48, 78 S.Ct. at 103. Dismissing an action without granting even one chance to amend is contrary to this goal
 
 
 [7]
 For example, allegations regarding which contracts were postponed, and when they were postponed (allegations that are basic to the Banks' claim but are absent from the complaint) would help the district court in deciding whether a claim is stated
 
 
 [8]
 As part of a supplemental brief filed at the request of this court, the Banks have filed a "Proposed Amended Complaint." We emphasize that we are not granting the Banks leave to amend; we are merely saying that the district court should have done so. Indeed, we have not even looked at the document filed--we leave it to the district court to examine any amended complaint filed in that court. We therefore GRANT the defendants' pending motion to strike the Banks' proposed amended complaint