Lawrence J. McGuinness, Coral Gables, FL, for Plaintiff.

Ellen Leibovitch, Miami, FL, for Defendant.

**Susana L. LOVERMI, Plaintiff,**

v.

**BELLSOUTH MOBILITY, INC., Defendant.**

**No. 96–1604–CIV–KING.**

United States District Court, S.D. Florida.

April 18, 1997.

*ORDER GRANTING MOTION TO DIS-MISS THIRD AMENDED COM-PLAINT; DISMISSING CASE WITH PREJUDICE*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE, arising out of alleged Title VII sex discrimination, comes before the Court upon a Motion To Dismiss Third Amended Complaint, filed by Defendant, BellSouth Mobility, Inc., on February 11, 1997. Plaintiff, Susana J. Lovermi, filed a Response in opposition on March 10, 1997. Defendant filed a Reply on March 17, 1997.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In her Third Amended Complaint,[1] Plaintiff alleges her employer, Defendant, discrim-

---

1. Plaintiff filed her original Complaint in Dade County Circuit Court, and Defendant removed the case to federal court on June 12, 1996. The Court, by Order filed August 29, 1996, granted

Plaintiff Leave to file an amended complaint. By Order filed November 1, 1996, the Court granted Defendant's Motion To Dismiss First Amended Complaint. By Order filed January 17, 1997, the

inated against her, because she is a woman, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 (West 1794 & Supp.1997). Her allegations reveal two somewhat separate factual situations. First, she alleges that, in August 1995, she applied for but was denied or not considered for transfer from her position as administrative assistant in the Miami Lakes office to administrative/inventory assistant in the Miami office. (The Court hereinafter refers to this first situation as the "transfer claim.") Second, she alleges she was qualified for but not considered for other positions (which she did not apply for and which she does not identify) that were filled by male sales representatives. (The Court hereinafter refers to this second situation as the "nonapplication claim.")

In support of her allegations, Plaintiff asserts that, although male sales representatives in the Miami Lakes office received timely semi-annual performance reviews, female employees (the allegation makes no distinction between job titles) in that office did not receive timely performance reviews. For her part, Plaintiff had had only one performance review in three years of working for Defendant, despite numerous requests for reviews. What made the lack of performance reviews a problem, Plaintiff asserts, is that Defendant "has a policy of not transferring and/or promoting a Sales Representative if that employee has a review more than six months old." (Pl.'s 3d Am. Compl. ¶ 12(a).) She concludes, that female employees in the Miami Lakes office, including Plaintiff, "were not given the same opportunity as their male counterparts for transfers and/or promotions." (*Id.* ¶ 12(b).)[2]

## II. LEGAL STANDARD AND DISCUSSION

### A. Plaintiff's "transfer claim"

Defendant moves to dismiss the Third Amended Complaint, asserting that Plaintiff fails to state a claim-upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). More particularly, Defendant asserts that Plaintiff fails to satisfy the elements of a prima facie case for employment discrimination as required under *McDonnell*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and, as modified by, its progeny.[3]

Court granted Defendant's Motion To Dismiss Second Amended Complaint. The Court based both dismissals on Plaintiff's failure to state a claim upon which relief could be granted.

2. These factual allegations muddy the waters of the Third Amended Complaint. On the one hand, Plaintiff states that Defendant has a policy of not transferring or promoting *sales representatives* with overdue reviews and that male *sales representatives* received timely reviews; as such, Plaintiff, who was not a sales representative, seems to exclude herself from the group—namely *female sales representatives*—that would stand to be adversely affected by overdue reviews. (In its January 17th order dismissing Plaintiff's Second Amended Complaint, the Court noted that it could not say with certainty what Plaintiff's position was at the time she sought transfer. She initially stated she was an administrative assistant and later stated she was a sales representative. (Order Granting Def.'s Mot. to Dismiss 2d Am. Compl. at 2 n. 1.) In this, her Third Amended Complaint, she makes no assertion that she ever worked as a sales representative.) Nevertheless, Plaintiff compares the treatment afforded the male sales representatives in the Miami Lakes office with that afforded all of that office's female employees, whose job titles she does not disclose. Plaintiff then asserts that she was discriminatorily denied "the same opportunity for

promotions and/or transfers as similarly situated male employees." (Pl.'s 3d Am. Compl. ¶ 12(b).)

3. A plaintiff may establish a prima facie case of sex discrimination in any of three ways: 1) by presenting direct evidence of discriminatory intent; 2) by showing through statistics a pattern of discrimination; or 3) by satisfying the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff in the instant case offers no statistical proof, so the Court need not address that method of establishing a prima facie cast.

As for direct evidence, the Eleventh Circuit has stated:
"Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact ... without inference or presumption." *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir.1989). "Only the most blatant remarks, whose intent could be nothing other than to discriminate ... constitute direct evidence of discrimination." *Id.* at 582. Here, Plaintiff alleges:
Finally, when in August 1995, Plaintiff requested that she be allowed to transfer out of the Miami Lakes, Florida office to the Employer's Miami office, Frank Burbano (male), the Manager of the Employer's Miami office, told Plaintiff that [y]ou have twins and even though

Defendant concedes, for purposes of the instant motion and with regard to Plaintiff's transfer claim, that Plaintiff satisfies the first three elements of the prima facie case test: (1) as a woman, she is a member of a class protected from sex discrimination; (2) she was qualified for and applied for transfer to a position in Defendant's Miami office; (3) and she suffered an adverse employment action by being denied or not considered for the transfer. Defendant asserts, however, that Plaintiff has not satisfied the fourth element of the test, namely that she fails to allege that the position was filled by an equally or less qualified male employee.

Plaintiff's Response elides this point, instead relying principally on general statements regarding the liberal pleading requirements permitted by Rule 8(a) of the Federal Rules of Civil Procedure and the well-established legal standard a court must apply when deciding a motion to dismiss for failure to state a claim.[4] The Court well-recognizes that legal standard but also recognizes that it is not applied in a vacuum. In Title VII cases, the Court must apply that legal standard in conjunction with the prima facie case requirements.

 Thus, the first question presented for the court is whether, as Defendant asserts, Plaintiff must allege that the position to which Plaintiff sought transfer was filled by a nonprotected class member, i.e., a man. The answer to that question is not clear cut. As the Court discussed at length in its January 17th Order, (*see* Order Granting Def.'s Mot. to Dismiss 2d Am. Compl. at 4–6), cases decided by Eleventh Circuit Court of Appeals have gone both ways, with some cases

stating the fourth element requires that the position be filled by a nonprotected class member and others hewing to the original language of *McDonnell Douglas,* which states plaintiff must prove "(iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainants's qualifications." *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. *Compare Green v. School Board of Hillsborough County,* 25 F.3d 974, 978 (11th Cir.1994) (stating in a failure-to-hire case that "[a] plaintiff establishes a prima facie case by proving that ... (iv) the defendant gave the position to a person who was not a member of a protected class"), *Wu v. Thomas,* 847 F.2d 1480, 1483 (11th Cir.1988) (stating in a failure-to-promote case that "a plaintiff must prove ... (4) other equally or less qualified employees who were not members of the protected minority were promoted"), *cert. denied,* 490 U.S. 1006, 109 S.Ct. 1641, 104 L.Ed.2d 156 (1989), *and Perryman v. Johnson Products Co.,* 698 F.2d 1138, 1142 (11th Cir.1983) (stating in a termination case that plaintiff must prove that she " 'was discharged and replaced by a person outside of the protected class or was discharged while a person outside of the protected class with equal or lesser qualifications was retained' ") (quoting *Lee v. Russell County Board of Education,* 684 F.2d 769, 773 (11th Cir. 1982)), with *Jones v. Firestone Tire and Rubber Co.,* 977 F.2d 527, 533 (11th Cir.1992) (using, in a promotion case, the *McDonnell Douglas* language), *cert. denied,* 508 U.S. 961, 113 S.Ct. 2932, 124 L.Ed.2d 682 (1993), *Wall v. Trust Company of Georgia,* 946 F.2d 805, 809 (11th Cir.1991) (same), *and Equal*

---

we haven't established the working hours, because you have twins, I don't believe it will be flexible enough for you.

(Pl.'s 3d Am. Compl. ¶ 12(d)) (alteration in original.) The Court finds that this statement, which it must take as true in deciding a motion to dismiss, *see* discussion of legal standard *infra* note 4, does not rise to the level of direct evidence. It should, however, be considered as part of Plaintiff's circumstantial case.

4. As for that standard, a motion to dismiss will be granted where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. "[D]ismissal is justified only when the allegations of

the complaint itself clearly demonstrate that plaintiff does not have a claim." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (1990 & Supp.1996); *see also Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

*Employment Opportunity Commission v. Alton Packaging Corp.,* 901 F.2d 920, 923 (11th Cir.1990) (same).

The Court finds that, with respect to Plaintiff's transfer claim, she fails to state a prima facie case under either of the above-discussed formulations of the fourth element; She states neither that a man filled the position nor, quoting *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824, that "after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainants's qualifications."

In still other cases, the Eleventh Circuit has gone considerably further than literally applying the above-quoted *McDonnell Douglas* language. Rather, the court has affirmatively stated that a plaintiff may state a prima facie case where the position has actually been filled by another protected-class member. *See Edwards v. Wallace Community College,* 49 F.3d 1517, 1521 (11th Cir. 1995) (stating, in a discharge case, that plaintiff "may have a prima facie case based on tie first three requirements [of *McDonnell Douglas]* despite the fact that the employer hired a minority to fill the vacancy left by the plaintiff"); *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1560 (11th Cir.1986) (stating, in a promotion, hiring, and transfer case that "[t]he fact that a member of the protected class received the job in question does not necessarily mean that there is no Title VII violation") (citing *Nix v. WLCY Radio/Rahall Communications,* 738 F.2d 1181, 1185–86 (11th Cir.1984)), *cert. denied,* 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986).

Upon further analysis, however, the latter group of cases highlights the deficiency in Plaintiff's Third Amended Complaint. Especially telling is Edwards, which sets out several factors to be considered in determining whether plaintiff has stated a prima facie case despite the employer's having hired a *protected-*class member for the position plaintiff sought. Applying *Edwards* to the instant case, the question is whether, assuming Defendant filled the administrative/inventory assistant job with another woman, Plaintiff nonetheless states a prima facie case. *Edwards,* adapted to a transfer case, counsels consideration of the length of time between Plaintiff's rejection and the filling of the position with the other woman, whether the other woman's hiring occurred after the filing of a complaint with the Equal Employment Opportunity Commission, and whether the other woman had a positive history with the employer. *Edwards,* 49 F.3d at 1517. This Court finds, just as the court found in *Edwards,* that Plaintiff fails to state a prima facie case in that she "has not presented any evidence that the filling of the vacancy by a minority"—for "minority" substitute "woman" in the instant case—"was pretextual." *Id.*

## B. Plaintiff's "nonapplication claim"

■ Plaintiff also appears to claim that she was discriminated against by Defendant's failure to consider her for positions—note the plural form of the word—for which she was qualified but did not apply. The Court says "appears to claim" because the allegations first suggest that she did not apply for the other positions:

> As a result of Plaintiff only having one review performed in three (3) years while other less qualified male Sales Representatives had timely reviews, such male Sales Representatives obtained promotions and/or transfers for positions Plaintiff was qualified to fill.

(Pl.'s 3d Am. Compl. ¶ 12(c)) (emphasis added); and later suggest that she did apply for the other positions:

> At all material times, Plaintiff and other similarly situated female employees were not given an equal opportunity for promotions and/or transfers as their male counterparts despite their qualifications for *the positions applied for* because their male supervisors did not review such female employees in a timely manner while timely reviewing their male counterparts. Such similarly situated male employees to Plaintiff were promoted and/or transferred into positions which Plaintiff was qualified to perform because they received timely reviews but Plaintiff did not.

*(Id.* ¶ 14) (emphasis added.)

To the extent that Plaintiff alleges she did apply for other, unspecified positions, the

Court finds she fails to state a prima facie case. Even under the liberal pleading rules, Defendant has not pleaded such a claim. A plaintiff simply cannot allege she applied and was qualified for a position, without identifying the position.

To the extent that Plaintiff alleges that other positions, for which she did not apply but for which she was qualified, were filled by men (i.e., nonprotected class members), the analysis, in appropriate cases, is more complex. As the Eleventh Circuit held in *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1559–60 (11th Cir.1986) (citing *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), and *Carmichael v. Birmingham Saw Works,* 738 F.2d 1126 (1984)), a plaintiff may travel either of two paths toward proving discrimination even where she did not apply for the position in question. The Court will not delve into the complexity, however, because both paths require a plaintiff to identify the job allegedly denied her. *See Carmichael,* 738 F.2d at 1132. This, Plaintiff has not done.

## III. CONCLUSION

In summary, as to Plaintiff's transfer claim, the absence of an allegation that the administrative/inventory position was filled by a man is not, in itself, fatal. What is fatal, however, is Plaintiff's failure to allege *either* that the position was filled by a man *or* that

---

5. *See* note 1 *supra.*

6. In *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991), the leading case in the circuit on when a court may dismiss a complaint with prejudice, the court states, "Where a more carefully drafted

Defendant's filling of the position with another woman was a mere pretext to hide its discrimination against Plaintiff. As to Plaintiff's nonapplication claim, although some cases show that, under appropriate circumstances, a plaintiff need not apply for a position in order to claim she was denied the position, Plaintiff, by failing to even identity the positions in question, fails; to state a prima facie case.

The Court also finds that the time has come to dismiss this case with prejudice. Having filed four complaints and having, as of this Order, sustained three dismissals for failure to state a claim upon which relief can be granted,[5] the Court concludes that Plaintiff cannot state a claim.[6]

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion To Dismiss Third Amended Complaint be and is hereby GRANTED. The case is DISMISSED WITH PREJUDICE.

---

complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."