**ECASH TECHNOLOGIES, INC., a Delaware corporation, Plaintiff-counter-defendant—Appellee,**

v.

**Mark GUAGLIARDO, an individual, dba ECash.com, dba NetConcept Interactive, dba NetConcept, dba Net Concept Inc., Defendant-counter-claimant—Appellant.**

Nos. 00–57107, 01–55325, 01–56076.
D.C. No. CV 00–03292(ABC).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided May 13, 2002.

Before WARDLAW, W. FLETCHER,

Circuit Judges, and WHYTE,\* District Judge.

## MEMORANDUM \*\*

Mark Guagliardo appeals the district court's decision dismissing his state law counterclaims with prejudice, dismissing his counterclaim for cancellation of appellee eCash Technologies, Inc.'s federal trademark registration with prejudice, and granting appellee's motion to dismiss and motion to strike despite an alleged violation of the district court's meet-and-confer requirements. We affirm the district court's decision in its entirety.

*Appellant's State Law Counterclaims*

 Appellant first seeks to overturn the district court's dismissal of his state law counterclaims with prejudice, arguing that he had already voluntarily dismissed those counterclaims without prejudice under Rule 41(a)(1) of the Federal Rules of Civil Procedure. Rule 41(a)(1), however, only applies to dismissals of all claims against a particular defendant, not to dismissals of less than all claims against that defendant. *See Gen. Signal Corp. v. MCI Telecomms. Corp.,* 66 F.3d 1500, 1513 (9th Cir.1995); *Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1392 (9th Cir.1988). Appellant's October 4, 2000 Notice of Dismissal sought to dismiss only his state law counterclaims, thus leaving additional counterclaims in the action. Because the purported dismissal was of less than all counterclaims, Rule 41(a) was inapplicable.

Rule 15(a) was the proper mechanism by which appellant could have sought to amend his pleading to drop some, but not all, counterclaims against appellant. *See Gen. Signal,* 66 F.3d at 1513; *Ethridge,* 861 F.2d at 1392. Appellant did not properly file a motion to amend, however, prior to the district court's order dismissing the state law counterclaims at issue with prejudice.[1] Consequently, those counterclaims remained in the action at the time the district court issued its decision.[2]

In his March 15, 2002 supplemental brief, appellant cites *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991), in arguing that he can challenge the district court's dismissal on appeal even though he did not properly seek leave to amend in the district court. Given the circumstances of this case, however, including that appellant already once amended his counterclaims, we find that granting appellant leave to further amend would not serve the interests of justice.

*Appellant's Trademark Cancellation Counterclaim*

 Appellant next seeks to overturn the district court's dismissal of his counterclaim for cancellation of appellee's federal trademark registration, arguing that the district court only considered one of the two grounds he had advanced in support of cancellation. Those two grounds were: (1)

---

\* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Appellant did not, for instance, notice a hearing date or meet and confer with opposing counsel, as required under the Central District of California's Local Civil Rules 7.2 and 7.4.1.

2. The district court did acknowledge appellant's voluntary dismissal of his state law counterclaims that were based on appellee's May 31, 2000 letter, even though that voluntary dismissal was presented in the form of an improperly filed second opposition brief to appellee's motions. The remaining state law counterclaims, however, which are the subject of this appeal, remained in the action as of the district court's decision.

that appellee fraudulently registered its trademark, and (2) that appellee misused its trademark by attempting to enforce it beyond the scope of the rights granted by the registration. Appellant does not appeal the district court's rejection of the first ground. Rather, appellant argues that the district court erred in failing to consider the second ground. We disagree with appellant's argument.

We review the grant of a motion to dismiss *de novo. See Inlandboatmens Union of the Pac. v. Dutra Group,* 279 F.3d 1075, 1078 (9th Cir.2002). A court may cancel a trademark that has been on the Principal Register less than five years if the trademark is barred from registration under § 2 of the Lanham Act or if the trademark is covered by any of the recognized grounds under which a registration may be canceled at any time. *See* 15 U.S.C. § 1064; J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 20:52 (4th ed.2001).

Appellant does not challenge the trademark's appropriateness for registration and does not provide any legal authority showing that its "trademark misuse" theory is a recognized basis for trademark cancellation. Furthermore, the frequently cited treatise *McCarthy on Trademarks and Unfair Competition* does not recognize appellant's theory as a basis for cancellation. *See id.* § 20:54 ("Cancellation on Other Grounds"); *see also Helene Curtis Indus. v. Milo Corp.,* No. 84 C 5217, 1985 WL 1282, at *3 (N.D.Ill. May 2, 1985) (unpublished) (rejecting trademark misuse theory based on overextending trademark rights as a ground for trademark cancellation). Accordingly, because appellant has not advanced a cognizable theory for cancellation of appellee's federal trademark registration, the district court's dismissal with prejudice of appellant's trademark cancellation counterclaim is affirmed.

*The District Court's Meet–and–Confer Requirements*

Finally, appellant seeks to overturn the district court's decision granting appellee's motion to dismiss and motion to strike, arguing that appellee did not meet and confer prior to filing those motions, as required by Central District of California Local Civil Rule 7.4.1. We disagree with appellant's argument.

The Central District of California's local rules do not require dismissal of appellee's motions for failure to satisfy the meet-and-confer requirements nor do they even provide for such a harsh penalty. *See* C.D. Cal. Local Civ. R. 7.19 & 27. Local Rule 27, for instance, contemplates *monetary* sanctions for rule violations and calls for such sanctions only if the non-moving party's conduct was willful, grossly negligent, or reckless, or rises to the level of bad faith or willful disobedience of a court order. The record does not show that appellee engaged in such conduct here. In fact, the record shows that appellee did comply with Rule 7.4.1's meet-and-confer requirements in the meeting of counsel held on July 11, 2000. Moreover, even if the parties had not met and conferred on July 11, 2000, appellant had received sufficient information to put him on notice of the grounds for appellee's renewed motion to dismiss and motion to strike through appellee's original, and nearly identical, motions to dismiss and strike filed on June 22, 2000.

Because the district court's decision to grant appellee's motion to dismiss and motion to strike was not erroneous, the district court properly determined that appellant had violated California Code of Civil Procedure § 425.16(c) ("Anti–SLAPP statute"), and properly awarded appellee its attorney's fees and costs as the prevailing party.

Appellee's separate motion to dismiss this appeal as frivolous is denied.

AFFIRMED.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.