COX, Circuit Judge,
concurring in part, dissenting in part:
I join the court’s opinion except for the part vacating dismissal of the free speech claims brought by the plaintiffs other than Thomas. As to that part, I dissent. The district court dismissed the free speech claims because the claims failed as a matter of law, not because they were inadequately pleaded. We all agree that this was proper, yet the majority affords the plaintiffs an opportunity to amend, relying on Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991). Bank requires a district court to give plaintiffs a second chance at pleading only “[wjhere a more carefully drafted complaint might state a claim.” Id. But here, where we have a legal deficiency, a more careful drafting of the same facts will not help: this deficiency cannot be cured by repleading. See Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1213 (11th Cir.2001) (affirming dismissal and denial of plaintiffs’ motion for leave to amend where the allegations in plaintiffs’ complaint were insufficient as a matter of law, and, on appeal, the plaintiffs did not propose adding any allegations that would have remedied the insufficiency). See also DeLoach v. Woodley, 405 F.2d 496, 496 (5th Cir.1968) (affirming dismissal without leave to amend, where the plaintiffs’ claim was legally insufficient for failure to seek the minimum amount in controversy). The facts in this complaint are plead with particularity, and it is the facts — not the lack of facts — that defeat the claims. Thus, I would affirm the district court’s judgment dismissing these claims.