[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14876
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01688-CV-ODE-1

JOHN CLARK,

                                                        Plaintiff-Appellant,

versus

GERARDO MALDONADO,
Warden,
DELRA WILLIS,
Supervisor of Unicor,
DARRYL ACRES,
Supervisor of SIS,
DARREL ACERS,
Head of SIS,
MICHAEL BRANCH,
Captain,
OTHERS WHOSE IDENTITIES PRESENTLY ARE UNKNOWN,

                                                        Defendants-Appellees.

_____

No. 07-14921
Non-Argument Calendar
_____

D. C. Docket No. 07-01743-CV-ODE-1

JOHN ALDON CLARK, II,

Plaintiff-Appellant,

versus

GERARDO MALDONADO,
Warden,
DELRA WILLIS,
Supervisor of Unicor,
DARRYL ACRES,
Head of SIS,
MICHAEL BRANCH,
Captain,
OTHERS WHOSE IDENTITIES PRESENTLY ARE UNKNOWN,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

**(August 4, 2008)**

Before CARNES, HULL and PRYOR, Circuit Judges.

2

PER CURIAM:

John Clark, a pro se federal prisoner, appeals the district court's sua sponte dismissal of his Bivens[1] complaint against defendants Gerardo Maldonado, Delra Willis, Darryl Acres, and Michael Branch, all federal prison officials. After review, we vacate the district court's dismissal order.

Clark's complaint alleged that defendants violated his Eighth Amendment rights by failing to protect him from an attack by another prisoner. According to Clark's complaint, while at his workstation in the prison's Unicor factory, Clark was stabbed in the neck and back by inmate Damion Rowe with scissors issued from the Unicor tool room. The day before, Clark had assaulted Rowe.

Clark's complaint alleged that all prison employees were aware of the "War" between inmates who were members of the Bloods and the Crips and that the "War" would "always subject those inmates to risk of [a] substantial harm." Clark further alleged that prison officials knew of his "gang status," knew that there had been a "serious altercation" between Clark and Rowe the day before and knew that Rowe had been issued a pair of scissors from the tool supply room on the day of the attack. Clark alleged that immediately after Rowe's assault of Clark, a guard

---

[1]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971). Clark filed two nearly identical complaints in the district court. The district court issued one order dismissing both complaints, and Clark filed one notice of appeal. The two cases were subsequently consolidated by this Court.

reassured Clark that Rowe's attack was not Clark's fault, but "the result of a 'Prison Life Time Wa[r]' between two rival street gangs (Crips vs. Bloods)." Clark's complaint quoted the prison's response to his grievance, which stated:

> "[Y]ou were assaulted on July 25, 2005, which is approximately four months ago. According to the investigation, you assaulted your assailant the day prior to you being assaulted[.] Both of these assaults were considered to be gang related between two rival street gangs (Crips vs Bloods). You were afforded the same protection and security as the inmate who you assaulted."

Clark alleged that defendants' subjective knowledge of a substantial risk of harm could be inferred from these facts.

After conducting a 28 U.S.C. § 1915A frivolity screening, the district court sua sponte dismissed Clark's complaint for failure to state a claim. Specifically, the district court concluded that Clark's complaint failed to allege that defendants had subjective knowledge of the risk of harm to Clark. The district court pointed out that Clark had not alleged that, before prison officials conducted their post-attack investigation, they actually were aware of Clark's earlier attack on Rowe or that it was likely Rowe would retaliate.

On appeal, Clark argues that the district court erred in dismissing his complaint with prejudice without first giving him the opportunity to amend it.[2] We

_____

[2]We review de novo a sua sponte dismissal pursuant to § 1915A for failure to state a claim. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001).

agree.

Prior to 2002, a district court could not dismiss a complaint with prejudice without first giving the plaintiff a chance to amend the complaint if a more carefully drafted complaint might state a claim. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). In 2002, we overruled Bank and held that, "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (emphasis added). We were careful to note, however, that our holding did not address pro se complaints. Id. at 542 n.1. Thus, the Bank rule remains applicable to pro se litigants when their complaints are dismissed with prejudice.

Here, the district court dismissed Clark's complaint with prejudice. See Fed. R. Civ. P 41(b) (providing that, unless a dismissal order states otherwise, an involuntary dismissal "operates as an adjudication on the merits").[3] However, as the district court's order highlights, Clark may be able to allege facts sufficient to show defendants' subjective knowledge of a substantial risk of harm to him – that

---

[3]When a complaint is sua sponte dismissed without prejudice, the pro se plaintiff often can refile. However, the district court dismissed Clark's complaint with prejudice, which triggers the Bank rule.

5

is, that defendants Maldonado, Willis, Acres and Branch were aware prior to the attack that there was a substantial risk that Rowe would seriously harm Clark.[4] Accordingly, pursuant to Bank, we vacate the district court's dismissal of Clark's complaint and remand for the district court to allow Clark to amend his complaint.[5]

**VACATED AND REMANDED.**

---

[4]On appeal, Clark does not argue that his complaint sufficiently alleged defendants' subjective awareness that a substantial risk of serious harm existed. Although the district court found that Clark's complaint failed to allege that defendants knew of Clark's earlier attack on Rowe before their investigation, we note that Clark's complaint alleged that the defendants "had knowledge before hand, the time of work; a day prior Plaintiff, Mr. John Clark and the Attacker, Mr. Damion Rowe did have a serious altercation." Because Clark does not argue this issue on appeal and, in any event, will be permitted to amend his complaint on remand, we do not address whether this allegation was sufficient to state an Eighth Amendment claim.

[5]At the § 1915A stage, the defendants have not been served and thus have not filed an answer in the district court or a brief on appeal. Therefore, we limit our opinion solely to the district court's sua sponte dismissal, and nothing herein shall prejudice the defendants, once served, from raising any and all deficiencies or defenses the defendants may wish to assert as to whether Clark's amended complaint states a claim for relief.