[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10948

_____

D.C. Docket No. 1:13-cv-01588-SCJ

PARESH PATEL,

Plaintiff - Appellant,

versus

DIPLOMAT 1419VA HOTELS, LLC, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 3, 2015)

Before HULL and BLACK, Circuit Judges, and ANTOON,[*] District Judge.

PER CURIAM:

_____

[*] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Paresh Patel[1] appeals the district court's order dismissing his claims on various grounds, including the statute of limitations.  Because we find that the district court erred in not granting Paresh leave to amend the complaint, we reverse and remand this case.

Paresh alleged in his complaint that appellees R.C. and Mike Patel formed Diplomat 1419VA Hotels, LLC[2] for the purpose of acquiring and owning a particular hotel property.  Paresh alleged that R.C. and Mike solicited him and his father to invest in Diplomat 1419VA.  Anticipating that Diplomat 1419VA would purchase the hotel, Paresh and his father invested $450,000 in Diplomat 1419VA on behalf of Paresh's mother.  In the end, Diplomat 1419VA did not acquire title to the hotel; instead, the hotel was acquired by RM Hotels, Inc., an entity partially owned by R.C. and Mike.  R.C. and Mike hid this acquisition from Paresh and his mother.  R.C. and Mike also burdened Diplomat 1419VA with debts and expenses that were unrelated to its operations.  Paresh sued Diplomat 1419VA, R.C., Mike, and others in 2013, filing a ten-count complaint, including claims of fraud, fraudulent transfer, and breach of fiduciary duty.

---

[1] Two appellees—Rajesh C. ("R.C.") Patel and Mukesh C. ("Mike") Patel—have the same last name as Appellant.  For simplicity, we refer to the individual parties using their first names.

[2] Two other appellees are similarly named entities—Diplomat Companies, LLC and Diplomat PB Hotels, LLC.  However, the only entity relevant to this opinion is Diplomat 1419VA Hotels, LLC.

In the complaint, Paresh alleged that appellees' actions giving rise to the lawsuit began between 2000 and 2002. He further alleged that R.C. sent him a letter in 2002 confirming the capital contribution, ownership interest, and interest payments and stating that a closing of the property at issue had occurred. Paresh alleged that he "was not aware of the . . . facts regarding [appellees'] misconduct, and could not have reasonably learned of the existence of these facts, until 2012."

Appellees moved to dismiss the complaint on several grounds, including that the statute of limitations barred the lawsuit. The district court dismissed Paresh's claims of fraud, fraudulent transfer, and breach of fiduciary duty based on the statute of limitations.[3] Paresh argues on appeal that the district court erred in dismissing these claims with prejudice and in not allowing Paresh the opportunity to amend the complaint.

Because the statute of limitations bar is an affirmative defense, granting a motion to dismiss on this basis "is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks omitted); accord Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). Here, the dates alleged in the

---

[3] The district court applied a four-year statute of limitations to Paresh's fraud and breach of fiduciary duty claims, and it applied a statute of limitations of "four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant" to Paresh's fraudulent transfer claim. Appellees set forth an alternative one-year statute of limitations for fraudulent transfer claims, but the parties do not otherwise argue that the statutes of limitations applied by the district court were incorrect.

complaint make it clear that the statute of limitations bars Paresh's claims unless Paresh alleged facts supporting tolling of the statute of limitations. Paresh's complaint attempts to do that. But Paresh's allegation that he "could not have reasonably learned" of the facts on which his claim is based until 2012, without more, is insufficient to satisfy the pleading requirements as to tolling.

The district court did err, however, in not granting Paresh leave to amend. The district court dismissed the complaint and directed the Clerk to close the case without addressing whether Paresh should be given leave to replead his claims. Paresh requested that he be given an opportunity to amend the complaint, which had not been previously amended.

Federal Rule of Civil Procedure 15(a) directs that district courts give leave to amend freely "when justice so requires." See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). "Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Id. (alteration in original) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). In this case, a more carefully drafted complaint might have cured at least some of the pleading defects.

Accordingly, the district court's order dismissing the complaint with prejudice is reversed, and the case is remanded to allow Paresh the opportunity to amend the complaint.

**REVERSED AND REMANDED**.