[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10604
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-23575-PCH

E-YAGE BOWENS,

                                                              Plaintiff - Appellant,

versus

MAIL OFFICERS OF TURNER GUILFORD KNIGHT (T.G.K.),
of each and every rank,
CURRENT SHERIFF OF MIAMI-DADE COUNTY,
DIRECTOR OF M.D.C.R. (MIAMI-DADE DEPARTMENT OF
CORRECTIONS AND REHABILITATION),
Timothy P. Ryan,
BOARD OF COUNTY COMMISSIONTERS OF MIAMI-DADE,
current members

                                                              Defendants - Appellees.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 18, 2015)

Before MARCUS, WILLIAM PRYOR, and COX, Circuit Judges.

PER CURIAM:

E-Yage Bowens, a pretrial detainee, appeals the district court's sua sponte dismissal with prejudice (Doc. 9) of Bowens's 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. The "shotgun" complaint claims that various mail-screening policies of the Defendants violate Bowens's First Amendment rights. In particular, he seeks permission to receive sexually explicit materials that he contends are necessary to defend multiple sex-crime charges pending against him. These materials are banned by the prison where Bowens is incarcerated. The district court dismissed the complaint with prejudice. We vacate and remand for further proceedings.

We review de novo a district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. A "shotgun" pleading like Bowens's in this case does not comply with Rule 12(b)(6)'s pleading requirements. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996).

The district court did not err in concluding that Bowens failed to state a claim upon which relief could be granted. The complaint contains a number of factual allegations and identifies a number of jailers and other prison officials, but it does not correlate any of the facts to any of the Defendants. His complaint does not allege any of the elements of a claim necessary to prove the unreasonableness

of prison regulations insofar as the regulations allegedly infringe upon constitutional rights. *See Turner v. Safley*, 482 U.S. 78, 107 S. Ct. 2254 (1987).[1]

While the district court did not err in concluding that Bowens's complaint fails to state a claim upon which relief can be granted, it did err in not giving Bowens an opportunity to amend his complaint. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part, Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Under *Bank*, a pro se litigant must be given at least one opportunity to amend his complaint if it appears that a more carefully drafted pleading would state a claim upon which relief could be granted. *Bank*, 928 F.2d at 1112. Bowens's is such a complaint. Bowens should have been allowed an opportunity to amend his complaint.

We vacate the district court's judgment of dismissal and remand for proceedings consistent with this opinion.

VACATED AND REMANDED.

---

[1] *Turner* directs us to consider four factors in determining whether a prison regulation is reasonable: (1) is there a "valid, rational connection" between the regulation and the legitimate government interest justifying it; (2) do alternative means of exercising the constitutional right remain open to the inmate; (3) the extent to which accommodating an asserted right will affect prison operations, including inmates and staff; and (4) whether the regulation is an exaggerated response to institutional concerns. *Turner*, 482 U.S. at 89-91, 107 S. Ct. at 2262.