[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-11204

————————————————

D.C. Docket No. 2:12-cv-00637-JES-MRM

RONALD C. HOOD, JR.,
a.k.a. Erika Denise Hood,

Plaintiff – Appellant,

versus

DEPARTMENT OF CHILDREN AND FAMILIES,
DAVID E. WILKINS,
Secretary of DCF,
DANIEL MONTALDI,
SVPP Administrator,

Defendants - Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(July 28, 2017)

Before WILLIAM PRYOR, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Ronald C. Hood, who goes by the name Erika Denise Hood, is civilly committed to the Florida Department of Children and Families ("DCF") for treatment as a violent sex offender pursuant to the Sexually Violent Predators Act, Fla. Stat. §§ 394.910-394.913.  Hood resides at the Florida Civil Commitment Center ("FCCC"), a private facility under contract with DCF. Starting in 2009, Hood began requesting hormone therapy and other treatment for gender dysphoria, requests that were repeatedly denied by various FCCC employees.

On November 21, 2012, Hood filed a pro se complaint against DCF, DCF Secretary David E. Wilkins, and Daniel Montaldi, Administrator of the Sexually Violent Predator Program, in their individual and official capacities, claiming violations of First, Eighth, and Fourteenth Amendment rights and requesting in relevant part injunctive relief in the form of the formulation for the treatment of individuals with gender dysphoria, of a policy conforming with the standards of the World Professional Association for Transgender Health.

Three weeks before trial, Wilkins and Montaldi filed a motion for summary judgment based on a newly adopted policy enacted by the FCCC to govern the treatment of gender dysphoria.  The district court granted the motion, denied Hood's claim as moot, and dismissed the complaint with prejudice.  Hood, now

represented by counsel, appeals.  For the reasons that follow, we affirm in part and vacate and remand in part.

The district court dismissed the claims against Wilkins and Montaldi in their individual capacities because it found that Hood failed to allege any personal refusals to treat gender dysphoria and because the defendants cannot be held liable under respondeat superior under 42 U.S.C. § 1983.  In the context of the complaint that the district court was considering at the time, we find no reversible error in the dismissal of the officials.[1]

To the extent that Hood sought the mere formulation of a policy, that claim is moot, since FCCC has now adopted a policy for the treatment of gender dysphoria.  But the district court erred in dismissing Hood's claim with prejudice, since mootness is a jurisdictional ground that does not go to the merits of Hood's claim.

And to the extent that Hood sought the formulation of a particular type of policy, Hood asserts that FCCC's recently adopted policy is constitutionally deficient.  Given that Hood was pro se at the time she filed her complaint, she should be permitted the opportunity to move for leave to amend her complaint before dismissal of her action.  *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.

---

[1] In evaluating liability, the district court utilized the "deliberate indifference" standard under the Eighth Amendment.  The district court should have used the "professional judgment" standard from *Youngberg v. Romero*, 457 U.S. 307, 322 (1982), because Hood is a civil detainee, not a prisoner.  Nevertheless, that error would not have resulted in a different outcome in the context of the particular complaint at issue below.

1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs).

For these reasons, we remand with instructions for the district court to permit Hood to move for leave to amend her complaint.

**AFFIRMED IN PART and VACATED AND REMANDED IN PART**.