[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13298
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cv-00421-PGB-EJK

RUDOLPH CARNEIRO,
TATIANA DINIZ-PEREIRA,

                                                            Plaintiffs-Appellants,

versus

USCIS DISTRICT DIRECTOR SOUTHEAST REGION,
Official capacity,
USCIS DIRECTOR,
Official capacity,
ATTORNEY GENERAL OF THE UNITED STATES,
Official capacity,
SECRETARY OF HOMELAND SECURITY,
Official capacity,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 3, 2021)

Before JILL PRYOR, LUCK, and EDMONDSON, Circuit Judges.


PER CURIAM:


Plaintiffs Rudolph Carneiro and Tatiana Diniz-Pereira, proceeding pro se,[1] appeal the district court's dismissal -- for lack of subject-matter jurisdiction -- of their civil action brought under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  No reversible error has been shown; we affirm.

Briefly stated, this case arises out of immigration proceedings in which Plaintiffs sought to adjust Diniz-Pereira's immigration status.  Carneiro (a United States citizen) and Diniz-Pereira (a native and citizen of Brazil) married in April 2017.  In September 2017, Carneiro filed with the United States Citizenship and Immigration Services ("USCIS") a Form I-130 (Petition for Alien Relative).  In that petition, Carneiro sought to have Diniz-Pereira classified as his spouse under section 201(b) of the Immigration and Nationality Act ("INA").  In conjunction with Carneiro's visa petition, Diniz-Pereira filed a Form I-485 (Application to

---

[1] We read liberally briefs filed by pro se litigants.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Register Permanent Residence or Adjust Status) seeking to adjust her immigration status under section 245 of the INA.

The USCIS denied both applications. The USCIS found insufficient evidence to establish that Diniz-Pereira's earlier marriage had been dissolved fully when Carneiro and Diniz-Pereira married. As a result, the USCIS concluded that Carneiro's marriage to Diniz-Pereira was invalid. The USCIS thus deemed Diniz-Pereira ineligible for adjustment of status.

Plaintiffs -- on behalf of themselves and their two minor children -- later filed this civil action under Bivens. Plaintiffs alleged that the denial of their applications for adjustment-of-status violated their Fourteenth Amendment right to equal protection. Plaintiffs named as defendants the USCIS District Director for the Southeast Region, the USCIS Director, the Attorney General for the United States, and the Secretary of Homeland Security, all in their official capacities.

The magistrate judge issued a report and recommendation ("R&R"), recommending that the district court dismiss without prejudice Plaintiffs' complaint. The magistrate judge first determined that -- as non-lawyers -- Plaintiffs were unable to represent their minor children in this civil action. The magistrate judge thus recommended dismissing without prejudice claims asserted

3

on behalf of Plaintiffs' children.[2]  The magistrate judge next concluded that Plaintiffs' official-capacity Bivens claim was barred by sovereign immunity.  The magistrate judge determined further that no Bivens liability would extend to Plaintiffs' constitutional claim.  Thus, permitting Plaintiffs to amend their complaint to add a claim against Defendants in their individual capacities would be futile.  The magistrate judge recommended dismissing without prejudice Plaintiffs' complaint for lack of subject matter jurisdiction.

Plaintiffs filed objections to the R&R.  The district court overruled Plaintiffs' objections, adopted the R&R, and dismissed without prejudice Plaintiffs' complaint.

We review de novo a district court's dismissal for lack of subject matter jurisdiction.  See Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1188 (11th Cir. 2011).

"Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit," and "[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit."  JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quotations omitted).

---

[2] On appeal, Plaintiffs raise no objection to the dismissal of claims made on behalf of their minor children.

4

In <u>Bivens</u>, the Supreme Court recognized a cause of action against federal officials for violation of federal constitutional rights. <u>See Bivens</u>, 403 U.S. at 395-97. A <u>Bivens</u> claim may be brought against federal officials only in their individual capacity, not in their official capacity. <u>See Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 70-72 (2001). Nor may a <u>Bivens</u> claim be brought against a federal agency. <u>See FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994).

Because no official-capacity cause of action exists under <u>Bivens</u>, the district court dismissed properly Plaintiffs' official-capacity claims against Defendants.

Generally speaking, a <u>pro se</u> plaintiff must be given at least one chance to amend the complaint before dismissal. <u>See Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991), <u>overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs). A district court need not grant leave to amend, however, if amendment would be futile. <u>Id</u>. Leave to amend is futile if the complaint as amended would still be subject to dismissal. <u>See L.X. ex rel. Hernandez v. Peterson</u>, 982 F.3d 1323, 1332 (11th Cir. 2020).

Here, the district court considered whether Plaintiffs could survive dismissal if they were allowed to amend their complaint to include individual-capacity claims against Defendants under <u>Bivens</u>. The district court concluded properly

5

that the answer was "no."  Because the INA provides an adequate alternative process for protecting Plaintiffs' constitutional rights, an extension of <u>Bivens</u> liability to Plaintiffs' constitutional claim would be inappropriate.  For background, see <u>Alvarez v. United States Immigration & Customs Enf't</u>, 818 F.3d 1194 (11th Cir. 2016) (declining to extend <u>Bivens</u> to a constitutional claim arising in the immigration context).

AFFIRMED.