[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14121
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00167-CV-5-RS-MD

KENNETH P. QUINLAN,

Plaintiff-Appellant,

versus

PERSONAL TRANSPORT SERVICES CO., LLC,
JASON CATALOGNE,
in his official and individual capacity,
LANER,
Sgt., in his official and individual capacity,
WILL STEVENSON,
in his official and individual capacity,
RON MCNESBY,
Escambia County Sheriff,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 5, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth P. Quinlan, a Florida state prisoner proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The district court determined that 42 U.S.C. § 1997e(e) barred Quinlan's claims because he alleged no physical injury. No reversible error has been shown; we affirm.

In his complaint, Quinlan alleged that Defendants -- an inmate transport company called Personal Transport Services (PTS), the president of PTS, two extradition officers, and a Florida county sheriff -- violated his Eighth and Fourteenth Amendment rights when transporting him from an Illinois county jail to a Florida prison under unsafe and uncomfortable conditions. Quinlan alleged the following things: (1) he was handcuffed, chained around the waist, and placed in leg shackles in a transport van with no seatbelts and inadequate ventilation, (2) to make room for a large prisoner, the extradition officers placed Quinlan in a cage, which was "smaller than a dog carrier," such that he was unable to move around or

stretch,[1] (3) the extradition officers drove recklessly during the trip to Florida, twice getting pulled over for speeding, (4) a smoky smell permeated the van during part of the trip, causing Quinlan to have difficulty breathing, and (5) the extradition officers denied him the use of his asthma inhaler during this time. Quinlan requested compensatory and punitive damages in addition to injunctive relief.[2]

The magistrate judge recommended dismissing Quinlan's complaint because he had alleged no physical injury as required by section 1997e(e). Quinlan filed objections to the magistrate's recommendation, noting, in pertinent part, that (1) the time he spent in the cage caused him "continuous back pain in [his] lower back that periodically cause[d] [him] to walk hunched over," and (2) he had chest pain and a headache for several hours after being denied the use of his asthma inhaler. The district court considered Quinlan's objections de novo, adopted the magistrate's recommendation, and dismissed the complaint.

On appeal, Quinlan argues that section 1997e(e) failed to apply to him because, when the events alleged occurred, he was not a prisoner confined in a jail, but instead, was a temporary detainee in an automobile. He also asserts that he

---

[1]According to Quinlan, the cage was typically used for troublesome passengers; but he had caused no trouble during the transport.

[2]Quinlan sought to have the district court (1) ban PTS from operating an inmate transport company in the United States, and (2) order the Florida county sheriff to screen more carefully the inmate transport companies.

alleged sufficient physical injury. We review de novo a district court's sua sponte

dismissal for failure to state a claim under section 1915(e)(2)(B)(ii), accepting the

allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th

Cir. 2003).[3]

Section 1997e(e) "applies only to lawsuits involving (1) Federal civil actions

(2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in

custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002). Quinlan's

argument that section 1997e does not apply to him is unavailing. In determining

whether Quinlan is a "prisoner" for purposes of section 1997e, the relevant inquiry

is whether he was imprisoned when he filed his complaint. See id. That Quinlan

was imprisoned when he initiated this lawsuit is undisputed.[4] And the custody

requirement reflects not just imprisonment, but any situation in which a reasonable

person would feel a restraint on his movement such that he would not feel free to

leave. Id. Here, Quinlan's allegations reflect that a reasonable person would not

feel free to leave in his situation: where extradition agents placed him in handcuffs

and shackles, chained him around the waist, and confined him in a cage for the

---

[3]In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[4]That Quinlan filed a federal civil action and sought damages for mental or emotional injuries also is undisputed.

4

majority of the trip to Florida.  Id. at 533 (explaining that the provision applies to "prisoner lawsuits that claim injuries suffered during custodial episodes, even if such custody occurred outside prison walls").

Under section 1997e(e), a plaintiff may not recover monetary damages (compensatory or punitive) for mental or emotional injury unless he also alleges that he suffered more than de minimis physical injury.  Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007). Though section 1997e(e) does not define physical injury, we have concluded that, to satisfy the statute "the physical injury must be more than de minimis, but need not be significant."  Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), vacated, in part, on other grounds, 216 F.3d 970 (11th Cir. 2000) (en banc) (concluding that a "dry shave" was not the kind of physical injury cognizable under section 1997e(e)); see also Nolin v. Isbell, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were non-actionable de minimis injury).

After review, we conclude that the district court did not err in concluding that Quinlan's claims for compensatory and punitive damages did not surmount section 1997e's bar.  He complained of temporary chest pain, headache, and difficulty breathing while in the van; and he presently has periodic episodes of back pain.  But none of these things required immediate medical attention or

5

evidence physical injury besides discomfort.  See Harris, 190 F.3d at 1286 (explaining that "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society") (citation omitted); cf. Johnson v. Breeden, 280 F.3d 1308, 1312, 1321 (11th Cir. 2002) (a head injury that caused swelling and seizure, along with lacerations and contusions to the face, shoulders, and upper back, constituted more than de minimus injury).[5]

Quinlan also argues that the district court should have sua sponte given him an opportunity to amend his complaint.  But we never have stated that a district court sua sponte must allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice.  See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (concluding that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice") (emphasis added).  The district court dismissed Quinlan's complaint

---

[5]The district court dismissed all of Quinlan's claims, including those for injunctive relief. We have concluded that section 1997e(e) does not affect the availability of declaratory or injunctive relief.  See Hughes, 350 F.3d at 1162 n.4, But Quinlan does not raise the issue of injunctive relief on appeal; and thus, he has abandoned the issue.  See Smith, 502 F.3d at 1263 n.3.  Still, Quinlan did not indicate a future circumstance where he would again be a passenger with PTS.  Thus, his request for injunctive relief did not rise above the speculative level, and he lacked standing to pursue the requested relief.  See Williams v. Bd. of Regents of Univ. Sys. of Georgia, 477 F.3d 1282, 1302-03 (11th Cir. 2007).

without prejudice and, thus, was not required to give Quinlan an opportunity to amend.

AFFIRMED.