[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11462
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00374-CV-T-33-TGW

CHARLES DUFF,

Plaintiff-Appellant,

versus

BRAD STEUB,
Sheriff, Manatee County,
MANATEE COUNTY JAIL,
Chief Health Official,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 29, 2010)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Charles Duff, a Florida prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. After review, we affirm the district court's dismissal for failure to state a claim, but conclude that the district court erred in failing to give Duff leave to amend his complaint and, thus, vacate and remand for further proceedings consistent with this opinion.

## I.  BACKGROUND FACTS

### A.  Complaint Allegations

Beginning in October 2006, Duff was incarcerated at the Manatee County Jail. Duff was suffering from ongoing urinary problems. In late February 2007, Duff's condition became severe enough that he underwent an emergency catheterization and was placed in the jail's infirmary. The day after the procedure, Duff was taken to the hospital for a series of diagnostic tests, including a CT scan and an ultrasound.

Between his hospital visit in late February 2007 and March 31, 2007, Duff was taken several times to an outside urologist, Dr. Bilak, who performed additional diagnostics, including a cystoscopy and colonoscopy. Dr. Bilak advised Duff that he had an enlarged prostate and required a surgical procedure called a "Laser TURP (Trasuret[h]ral Resection of the Prostate)." Dr. Bilak prescribed

Proscar and Flo-Max.

Throughout this period, Duff was catheterized. While at the jail, Duff was not scheduled for surgery or given any of the prescribed medication. Duff alleges that he has experienced unnecessary pain and suffering as a result.

On April 8, 2007, Duff was sentenced to five years in prison. Two days later, on April 11, 2007, Duff's catheter was removed and he was told, "You're DOC's problem now." Duff was returned to the general population until May 2, 2007, when he was transferred to a state correctional facility in Orlando, Florida. Instead of transferring him, Duff alleges that a "Medical Hold" should have been placed on him so that the surgery could be performed. Duff's complaint seeks compensatory and punitive damages for Duff's pain and suffering up to May 2, 2007, when he was transferred to state custody.[1]

## B.     District Court Proceedings

Duff filed a pro se complaint under 42 U.S.C. § 1983, alleging an Eighth Amendment claim of deliberate indifference to his serious medical need. Duff asserted his deliberate indifference claim against the Sheriff of Manatee County, Brad Steub, and the "Chief Health Official" at the Manatee County Jail. In accordance with 28 U.S.C. § 1915A, the district court conducted a sua sponte

---

[1]Duff also alleges that he has not received medication or surgery since his transfer to state custody and that he has filed a separate civil complaint against state correctional officials.

preliminary screening and dismissed Duff's complaint for failure to state a claim. Because the dismissal did not state that it was without prejudice, the dismissal was by law with prejudice. See Fed. R. Civ. P. 41(b) (providing that any dismissal except for lack of jurisdiction, improper venue or failure to join a party under Rule 19 operates "as an adjudication on the merits" unless "the dismissal order states otherwise").

As to Sheriff Steub, the district court concluded that Duff's complaint failed to allege he took any action giving rise to the Eighth Amendment claim and that Steub could not be held liable under a theory of respondeat superior.

As to what it termed the "Chief Medical Officer,"[2] the district court concluded that Duff's complaint did not allege facts showing deliberate indifference to a serious medical need. After recounting Duff's medical history at the jail, the district court stated that Duff "does not allege that Dr. Bilak told him the surgery was an immediate medical emergency, and does not allege that he had an immediate medical emergency necessitating surgery just before or just after he was transferred to the Department of Corrections." The district court also noted that Duff received tests, treatments and medications while housed at the jail and ultimately determined that Duff had "provided no support for his claim." The

---

[2]Duff's complaint uses the term "Chief Health Official," but the district court treated the two terms the same.

4

district court dismissed Duff's complaint and entered judgment against him. Duff appealed.

## II. DISCUSSION

### A.    Section 1915A(b)(1) Dismissal

Under § 1915A, the district court shall review, as soon as possible, a prisoner's complaint in a civil action against a government entity. 28 U.S.C. § 1915A(a). The district court must then dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).[3]

A dismissal under § 1915A is governed by the same standards as a dismissal under Federal Rule of Civil Procedure 12(b)(6). See Jones v. Brock, 549 U.S. 199, 215-16, 127 S. Ct. 910, 921 (2007); Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1278-79 (11th Cir. 2001). That is, although the complaint need not provide detailed factual allegations, it must contain "sufficient factual matter" to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009); accord Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1965, 1974 (2007).

_____

[3]We review de novo a district court dismissal for failure to state a claim under § 1915A(b)(1), taking the allegations in the complaint as true. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

Even construing Duff's pro se appeal brief liberally, Duff does not appear to challenge the district court's dismissal of his claim against Sheriff Steub. Thus, we affirm as to that claim. However, after liberally construing Duff's complaint, we conclude that the district court properly sua sponte dismissed Duff's medical treatment claim against the jail's "Chief Health Official," but erred in dismissing this claim without granting leave to file an amended complaint against the "Chief Health Official."

**B.    Medical Treatment Claim Against the "Chief Health Official"**

"To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). A "serious medical need" is one that "if left unattended, poses a substantial risk of serious harm" and can be either: (1) "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"; or (2) one where "a delay in treating the need worsens the condition." Id. at 1307 (quotation marks omitted); see also Danley v. Allen, 540 F.3d 1298, 1310-11 (11th Cir. 2008). Although not all pain constitutes a serious medical need, failing to treat pain can

6

violate the Fourteenth Amendment. Danley, 540 F.3d at 1311.[4]

To prove the requisite intent, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Id. at 1312 (quotation marks and brackets omitted) (concluding that the plaintiff had sufficiently alleged deliberate indifference by alleging that defendants were aware of the risk of serious harm and that they knew about the plaintiff's suffering and also provided allegations about the basis for their knowledge). However, "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted).

Here, construing Duff's complaint liberally, Duff alleged a serious medical condition. Dr. Bilak diagnosed Duff with an enlarged prostate that required surgery and prescription medication. Duff's painful urological symptoms grew severe enough to require an emergency catheterization lasting at least eight weeks.

_____

[4]Although Duff's complaint cited the Eighth Amendment, the district court correctly noted that his medical treatment claim is properly brought under the Fourteenth Amendment because he was a pretrial detainee and not a prisoner during the events that form the basis of his claim. See Andujar v. Rodriguez, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007). However, the deliberate indifference analysis is the same under either amendment. Harris v. Coweta County, 21 F.3d 388, 393 n.6 (11th Cir. 1994); Lancaster v. Monroe County, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). Thus, we apply precedent from Eighth Amendment cases and Fourteenth Amendment cases interchangeably. Lancaster, 116 F.3d at 1425 n.6.

However, even with a liberal construction, Duff's complaint did not allege sufficient facts to show that the "Chief Health Official" was deliberately indifferent to that serious medical need. Deliberate indifference can be based on the defendant's personal participation in the allegedly unconstitutional conduct or on the defendant's actions as a supervisor. See Harper, 592 F.3d at 1233-1237 (discussing deliberate indifference claims based on personal participation and supervisor liability).

Duff's complaint does not make clear which kind of claim he is asserting against the "Chief Health Official." Duff's complaint also does not identify who: (1) treated him in the jail's infirmary, (2) withheld the medication Dr. Bilak prescribed, (2) withdrew his catheter after he was sentenced, (4) told him he was "DOC's problem now," (5) placed him back in the general population until he was transferred and (6) decided not to place him on a medical hold and not to schedule the needed prostate surgery. Duff's complaint also does not allege why these actions were or were not taken or what personal or supervisory role (if any) the "Chief Health Official" might have played in them. And, importantly, Duff does not give the name of the "Chief Health Official."

Thus, to the extent Duff asserts a personal participation claim, Duff's complaint does not allege that the "Chief Health Official" personally participated

8

in the allegedly unconstitutional delay or denial of Duff's medical treatment. For the same reason, the complaint does not establish that the "Chief Health Official" had the subjective knowledge of the risk of serious harm to Duff and disregarded that risk because, under our precedent, subjective knowledge cannot be imputed or collective. See Burnette, 533 F.3d at 1331. To the extent Duff asserts a supervisor liability claim, Duff's complaint does not allege a causal connection between the allegedly unconstitutional medical care and the "Chief Health Official's" supervisory actions, such as failure to act in the face of notice of widespread abuse, the implementation of a custom or policy, or a direction to subordinates. See Harper, 592 F.3d at 1236 (listing the ways to show a causal connection in a supervisory liability case).

Given these deficiencies, Duff's complaint did not allege a claim that was "plausible on its face" that the jail's "Chief Health Official" in particular was deliberately indifferent to Duff's serious medical need. Accordingly, the district court properly dismissed Duff's medical treatment claim against the "Chief Health Official."

## C.    Dismissal with Prejudice

When it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity

9

to amend his complaint instead of dismissing it. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).[5] Here, the district court's dismissal order directed that judgment be entered against Duff and that the case be closed. The order did not advise Duff that he would have leave to amend his complaint or state that the dismissal was without prejudice. See Fed. R. Civ. P. 41(b). Given that we cannot say that allowing Duff to amend his complaint would have been futile, we conclude that the district court erred in dismissing Duff's complaint without granting him leave to amend it.

In conclusion, we affirm the dismissal as to Sheriff Steub, but vacate the dismissal against the "Chief Health Official" of the Manatee County Jail and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[5]Although Wagner overruled Bank as to counseled litigants, it specifically stated that it did not address pro se litigants. See Wagner, 314 F.3d at 542 n.1. Thus, the Bank rule remains applicable to pro se litigants when their complaints are dismissed with prejudice. Id.

10