[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13761
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00113-LGW-JEG


ERIC WATKINS,

Plaintiff - Appellant,

versus

ASSOCIATE WARDEN D. HUDSON,
in his individual capacity,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 24, 2014)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Eric Watkins, who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, and is proceeding *pro se*, appeals the dismissal of his complaint, filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to state a claim upon which relief may be granted. After review, we affirm the dismissal, but conclude that the district court erred in failing to grant Mr. Watkins leave to amend his complaint, and thus vacate and remand for further proceedings.

## I

Mr. Watkins filed a *pro se* complaint under *Bivens*, alleging First Amendment retaliation and Fifth Amendment due process claims against D. Hudson, the Associate Warden at FCI Jesup. Mr. Watkins alleged that on October 29, 2009, he fell asleep while a video was being shown during FCI Jesup's admissions and orientation program. Associate Warden Hudson woke him up and asked him to step outside. He then told Mr. Watkins that he needed to wake up and act as if he were interested in the video. Mr. Watkins replied that he did not need to wake up. According to Mr. Watkins, Associate Warden Hudson then fabricated an incident report, charging Mr. Watkins with refusing to obey his order to wake up and act as if he were interested in the video.

Mr. Watkins alleged that, due to the fabricated incident report, he was removed from the general population and placed in administrative detention in

2

violation of the Fifth Amendment.  He further asserted that he had a liberty interest in remaining in the general population, and that this interest was infringed when he was removed.  Mr. Watkins also alleged that sleeping during the admissions and orientation program was not prohibited by Bureau of Prisons rules, nor was he on notice of any such prohibition, and, therefore, his actions did not constitute a valid reason for his removal from the general population and subsequent placement into administrative detention.  Finally, Mr. Watkins claimed that his First Amendment right to free speech was violated when Associate Warden Hudson retaliated against him and ordered him to be placed in administrative detention.

In accordance with 28 U.S.C. § 1915A, the district court conducted a preliminary screening and dismissed Mr. Watkins' First Amendment retaliation claim for failure to state a claim.  The district court allowed Mr. Watkins' Fifth Amendment claim to proceed because it found that Mr. Watkins' allegations arguably stated a claim for violation of his right to due process.  It ordered service of the complaint on Associate Warden Hudson, who responded by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The district court ultimately granted the motion to dismiss, concluding that Mr. Watkins made no

allegations that he suffered an atypical and significant hardship in being removed from the prison's general population and being placed in administrative detention.[1]

## II

We first address Associate Warden Hudson's argument that we lack jurisdiction to review the district court's dismissal of the First Amendment retaliation claim because Mr. Watkins' notice of appeal does not specifically list the district court's order dismissing that claim. We are not persuaded by the argument.

The notice of appeal states that Mr. Watkins is appealing from the final judgment issued on June 17, 2013. "[T]he appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment." *Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989). As a result, and because we construe *pro se* filings liberally, *see Bellizia v. Fla. Dep't of Corr.*, 614 F.3d 1326, 1329 (11th Cir. 2010), we have jurisdiction to review Mr. Watkins' challenge to the district court's dismissal of the First Amendment retaliation claim.

## III

Under § 1915A, a district court shall review, as soon as possible, a prisoner's complaint in a civil action against a government entity or employee of a

---

[1] Because the dismissal orders did not state that they were without prejudice, the dismissal was by law with prejudice. *See* Fed. R. Civ. P. 41(b) (providing that any dismissal except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 operates "as an adjudication on the merits" unless "the dismissal order states otherwise").

governmental entity. *See* 28 U.S.C. § 1915A(a). The district court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A dismissal under § 1915A is governed by the same standards as a dismissal under Rule 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). That is, although the complaint need not provide detailed factual allegations, it must contain "sufficient factual matter" to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Even construing his *pro se* brief liberally, Mr. Watkins admits that the allegations in his complaint failed to state a claim for First Amendment retaliation or for a Fifth Amendment due process violation under *Bivens*. Thus, we affirm the dismissal of those claims, but address Mr. Watkins' contention that the district court erred by dismissing his claims with prejudice and without first granting him leave to amend.

We review a district court's decision to grant or deny leave to amend only for an abuse of discretion. *See Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir. 1994). The district court erred by dismissing the complaint without affording Mr. Watkins an opportunity to amend. When it appears that a

*pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it.  *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).[2]

A court must therefore afford a plaintiff an opportunity to amend his *pro se* complaint before dismissing with prejudice unless the plaintiff expresses a desire not to amend or an amendment would be futile.  *See id*. at 1112.  Here, Mr. Watkins never expressed a desire not to amend his complaint.  Indeed, in his objection to the magistrate's report recommending dismissal of the Fifth Amendment claim, Mr. Watkins included additional factual allegations with respect to the purported atypical and significant hardship he encountered in administrative detention.  Without commenting on the sufficiency of those allegations, we cannot say with certainty that allowing Mr. Watkins to amend his complaint would be futile.  Nor can we say that additional allegations could not demonstrate that Associate Warden Hudson's purported decision to place Mr.

---

[2] In *Wagner*, we overruled *Bank* with respect to counseled plaintiffs who failed to request leave to amend.  *See Wagner*, 314 F.3d at 542 ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").  But *pro se* litigants are held to a less stringent standard, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), and our decision in *Wagner* did not disturb our decision in *Bank* with respect to *pro se* litigants.  *See Wagner*, 314 F.3d at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding *pro se*.").

Watkins in administrative detention was in retaliation for Mr. Watkins engaging in protected speech.  Thus, we conclude that the district court erred in dismissing Mr. Watkins' First Amendment retaliation and Fifth Amendment due process claims without granting him leave to amend.

## IV

We affirm the district court's dismissal of Mr. Watkins' First and Fifth Amendment claims, but we vacate and remand the dismissal with prejudice so that Mr. Watkins may be allowed to amend his complaint.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**