[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14334
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-23299-JLK

EIBER RADIOLOGY, INC.,
a Florida corporation,

Plaintiff - Appellant,

versus

TOSHIBA AMERICA MEDICAL SYSTEMS, INC.,
a foreign corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 20, 2016)

Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This appeal comes to us following the district court's dismissal with prejudice of Plaintiff Eiber Radiology, Inc.'s Amended Complaint against Defendant Toshiba America Medical Systems, Inc.  Upon careful review of Plaintiff's complaint, the procedural history below, and the parties' briefs on appeal, we **AFFIRM** the district court's dismissal with prejudice.

## BACKGROUND[1]

Defendant sold Plaintiff a magnetic resonance imaging system ("MRI") in 1998 and performed routine repairs and maintenance on the machine for several years thereafter.  Plaintiff's claim arises from Defendant's service of the machine from 2010 through 2013.  At several points over the course of those three years, Plaintiff communicated to Defendant that the MRI was producing low-quality images and sought Defendant's assistance in diagnosing and curing the issue. Defendant made numerous service calls to inspect the machine but failed to properly diagnose or to effectively repair the mechanical problems that likely contributed to the MRI's sub-standard operation.

---

[1]  We derive the pertinent facts exclusively from Plaintiff's Amended Complaint.  We assume these facts to be true and construe them in the light most favorable to Plaintiff.

2

When the MRI continued to malfunction, Plaintiff sought the assistance of two independent MRI engineers. One engineer inspected the MRI and opined that Defendant may not have properly diagnosed the cause of the machine's problems. A second engineer was able to diagnose and cure the causes of the MRI's image-quality issues within several hours of inspecting the MRI. Following his repairs, the MRI's image quality improved by 75%.

Plaintiff cited these facts in its initial complaint for damages against Defendant. In the view of the district court, this initial complaint contained only "bare-bones factual allegations" that failed to "put Defendant on notice of whether [Plaintiff's claim] sounds in tort or in contract." The district court accordingly dismissed Plaintiff's initial complaint for failure to state a claim on which relief could be granted under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and offered Plaintiff leave to amend in order to clarify its theory of liability.

Plaintiff subsequently filed an Amended Complaint alleging that Defendant's failure to diagnose and repair the MRI's poor image quality and other mechanical issues over the course of three years amounted to negligence under Florida common law. Plaintiff did not assert that any contract, written or oral, existed between the parties and did not assert a claim for breach of contract. Plaintiff was represented by counsel in filing both versions of the complaint.

3

Defendant moved to dismiss the Amended Complaint, again for failure to state a claim on which relief could be granted.  In its opposition to Defendant's motion, Plaintiff requested "a further opportunity to address any [ ] deficiency or insufficiency as may be determined" by the district court, but it did not separately move for leave to amend.

This time, the district court granted the motion and dismissed the suit with prejudice, declining to offer Plaintiff a second opportunity to cure the persisting deficiency in its complaint.  In dismissing the suit, the court concluded that "the only conduct Defendant is alleged to have taken was to fail to competently make the repairs it was hired to make.  Thus, Plaintiff's claim is merely an attempt to recast a breach of a contractual relationship as a claim in tort."  And because "breach of a contractual relationship cannot constitute an action in tort" under the applicable state law, the court found that the Amended Complaint failed to state a claim on which relief could be granted.

In response, Plaintiff moved for relief from the dismissal under Federal Rule of Civil Procedure 60(b)(6), asking the court to modify its final order "to permit Plaintiff to further amend to assert a claim against Defendant for breach of contract."  The district court declined to do so.  Plaintiff now appeals the district court's dismissal of the Amended Complaint with prejudice.

4

## STANDARD OF REVIEW

In general, "[w]e review de novo a district judge's granting a motion to dismiss for failure to state a claim under Rule 12(b)(6), accept the complaint allegations as true, and construe them most favorably to the plaintiff." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). By contrast, we review a district court's decision whether to dismiss a complaint with or without prejudice for abuse of discretion. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that district court's denial of motion to amend complaint is reviewed for abuse of discretion).

## DISCUSSION

### I.     Issue Presented on Appeal

In Plaintiff's words, "[t]his appeal is not about whether the dismissal of [the] Amended Complaint was proper" under Rule 12(b)(6). "Rather, this appeal is about whether the court erred in dismissing the Amended complaint <u>with prejudice</u>, given that the District court characterized the allegations of the Amended Complaint as amounting to a claim for breach of contract instead of negligence."

Notwithstanding this straightforward statement of Plaintiff's case, the

parties' presentation of the core issue on appeal is imprecise.[2]  It is, therefore, critical for us to identify at the outset which issues are before us on appeal and which issues are not actually in dispute.

First, we observe that Plaintiff has conceded (by failing to argue otherwise) that its Amended Complaint did not state a plausible claim of negligence—the only theory of liability it articulated—and Plaintiff does not ask us to reverse the district court's finding on that ground.  As such, we decline to review *de novo* the district court's assessment of the Amended Complaint's facial sufficiency on Plaintiff's negligence claim.

-------

[2]  In its initial statement of the issue on appeal, Plaintiff asks us to consider "[w]hether the District Court erred in dismissing [the] Amended Complaint for negligence with prejudice" in light of the fact that the district court "characterized [Plaintiff's] claim as one for breach of contract, but then denied [Plaintiff] the opportunity to seek relief under a theory of breach of contract."  Plaintiff proceeds to state that "[t]he standard of review for an order granting a motion to dismiss is *de novo*" and suggests throughout its opening brief that its Amended Complaint should have survived Defendant's motion to dismiss.  Defendant responds in kind, arguing that the district court did not err in finding that the Amended Complaint failed to state a plausible claim on which relief might be granted.  Defendant does not squarely address whether the district court's failure to offer Plaintiff an opportunity to amend was appropriate.  Taken together, these briefs suggest that our task on appeal is to determine whether the Amended Complaint was properly dismissed under Rule 12(b)(6).

Plaintiff's reply brief, however, retreats from Plaintiff's earlier argumentation and reframes the issue, stating explicitly that the appeal arises *only* from the district court's failure to grant leave to amend and does not present the question "whether the dismissal of [the] Amended Complaint was proper" under Rule 12(b)(6).

In light of the inconsistency between the parties' briefs, our first task is to examine the parties' substantive arguments and thereby define the proper scope of review.

In reviewing Plaintiff's arguments, we also find that Plaintiff implicitly agrees that the Amended Complaint failed on its face to allege sufficient facts to support an alternative, breach-of-contract theory of liability—a theory the district court referenced in both its orders of dismissal.  Plaintiff's rhetoric on this point is somewhat misleading and, therefore, requires further examination.

At first blush, Plaintiff seems to suggest that it has, contrary to the district court's holding, pleaded sufficient facts to survive a motion to dismiss on the basis of a breach-of-contract claim.  Plaintiff spends considerable effort in its opening brief establishing that, in this Circuit, a complaint that alleges facts upon which relief can be granted survives a motion to dismiss "even if it fails to correctly categorize the legal theory giving rise to the claim."  This principle is, indeed, well settled: The Supreme Court recently noted in *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014), that, where a plaintiff has pleaded "facts sufficient to show that her claim has substantive plausibility," federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Id*. at 346–47.  This principle would be apposite to Plaintiff's case if Plaintiff had demonstrated that the Amended Complaint successfully alleges facts to support a breach-of-contract claim and that its sole error was to accidentally omit mention of this viable theory of liability.

7

But Plaintiff never explicitly asserts that its Amended Complaint is factually sufficient—in fact, it implies quite the opposite.  Plaintiff's principal contention is that the facts alleged in the Amended Complaint "suggest" that Plaintiff "could plausibly state a cause of action" against Defendant on a breach-of-contract theory. Plaintiff presumes that the district court must have conceded this point when it characterized the Amended Complaint as a breach-of-contract claim "recast" as a claim in tort and proceeds to argue that, "if given the opportunity" to amend its complaint a second time, it "would be able to state a cause of action" for breach of contract by alleging additional facts regarding its contractual relationship with Defendant and the nature of the breach.  These additional facts, Plaintiff maintains, would be sufficient to nudge its complaint across the line from merely "suggesting" that it "could plausibly state a cause of action" to *actually stating* a *plausible* cause of action, as Rule 12(b)(6) requires.  Indeed, as Plaintiff seems to recognize, it is the breach of contract itself—and not the mere possibility that Plaintiff could plead breach of contract—that must be "plausible" to survive a motion to dismiss under Rule 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

8

While Plaintiff orients much of its analysis toward the topic of Rule 12(b)(6) dismissal and repeatedly invokes the language of *Twombly*'s "plausibility" pleading standard, what Plaintiff seeks is not a second look at its Amended Complaint but a second chance to deliver a pleading that successfully meets the *Twombly* standard. We therefore do not interpret Plaintiff's position to be that the district court's dismissal of the Amended Complaint was error. Instead, we take Plaintiff at its word that this appeal asks only "whether the court erred in dismissing the Amended complaint <u>with prejudice</u>."

As such, we do not consider *de novo* whether the Amended Complaint stated a plausible claim for relief under Rule 12(b)(6) on any potential theory of liability. We consider only the question whether the district court abused its discretion in declining to offer Plaintiff an opportunity to amend its pleading a second time.

## II.    Dismissal with Prejudice

A "dismissal for failure to state a claim under [Rule 12(b)(6)] is a 'judgment on the merits.'" *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). An adjudication on the merits is, in turn, presumed to operate as a dismissal with prejudice unless the district court specifies otherwise. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (finding that "an 'adjudication

9

upon the merits' is the opposite of a 'dismissal without prejudice'"); 9 Fed. Prac. & Proc. Civ. § 2373 (3d ed.) (noting that "many federal courts have held that a dismissal" under Rule 12(b)(6), which qualifies as an "involuntary dismissal" under the federal rules, "would be a dismissal with prejudice").  Thus, under the federal procedural rules, the district court need not provide specific justification for dismissing with prejudice, as this is the default effect of a proper Rule 12(b)(6) dismissal.

While the decision whether to deviate from the default of dismissal with prejudice is left to the district court's discretion, this Circuit has provided some guidance.  First, we have noted that a district court's discretion to dismiss a complaint without leave to amend is "severely restricted" by Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)"), which mandates that leave to amend, when requested by the plaintiff, "be freely given when justice so requires."  *See Bryant*, 252 F.3d at 1163 (applying the standard for Rule 15(a)(2) amendment to the decision whether to dismiss with or without prejudice under Rule 12(b)(6)).  In cases where the plaintiff has acted in good faith and has not been given a first chance to amend its initial complaint, we have treated dismissal with prejudice as a remedy of last resort.  *See, e.g.*, *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (noting that dismissal with prejudice is appropriate "only in those

10

situations where a lesser sanction would not better serve the interests of justice")
(internal quotation marks omitted).  And we have previously espoused the view
that, "where a more carefully drafted complaint might state a claim," the district
court should grant a plaintiff at least one chance to amend its complaint before
dismissing the action with prejudice.  *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th
Cir. 1991) (requiring district courts to grant *sua sponte* all plaintiffs at least one
opportunity to amend), *overruled by Wagner v. Daewoo Heavy Indus. Am. Corp.*,
314 F.3d 541, 542 (11th Cir. 2002).

We do not, however, require such leniency where a plaintiff has been
represented by counsel.  *See Wagner*, 314 F.3d at 542 (severely limiting our
holding in *Bank* by finding that a district court is not required to grant *sua sponte* a
counseled plaintiff leave to amend).  We have never required district courts to
grant counseled plaintiffs more than one opportunity to amend a deficient
complaint, nor have we concluded that dismissal with prejudice is inappropriate
where a counseled plaintiff has failed to cure a deficient pleading after having been
offered ample opportunity to do so.

In light of this guidance and the facts presented on appeal, we cannot
conclude that the district court abused its discretion in denying Plaintiff a second
opportunity to amend in the case before us.

11

Over the course of the proceeding below, Plaintiff—and its counsel—was offered ample opportunity to state a claim on which relief could be granted. Early in the proceeding, the district court granted Plaintiff leave to amend its initial complaint with specific instruction to clarify "whether Plaintiff's complaint sounds in tort or in contract." Plaintiff was thus on notice of the fact that, in the eyes of both the district court and Defendant, the alleged facts pointed to potential claims in both tort and contract law. Nonetheless, Plaintiff returned with a minimally augmented Amended Complaint that articulated a single negligence claim. Only after the district court dismissed the Amended Complaint did Plaintiff first assert that it "may well be able to state a cause of action . . . for breach of a contractual relationship." By then, Plaintiff had been given and had squandered an opportunity to articulate the breach-of-contract claim it is now so confident it could allege. Plaintiff provides no explanation for its failure to present facts stating a claim for breach of contract in its Amended Complaint. To the contrary, Plaintiff's briefs suggest that Plaintiff has at all times possessed the facts and evidence that would have been necessary to allege this claim with specificity.

We also note that Plaintiff did not formally move for leave to amend under Rule 15(a)(2) when it realized it may have a viable breach-of-contract claim. Instead, Plaintiff simply stated in opposing dismissal below that, "in the event the

12

Court concludes that Plaintiff's Complaint is somehow deficient or otherwise insufficient, Plaintiff would request a further opportunity to address any such deficiency or insufficiency as may be determined by this Court." This statement appears to have been intended to operate as a request for leave to amend in the event the court found the Amended Complaint deficient. But it is worth noting that Plaintiff never squarely pursued its right to seek leave to amend under Rule 15(a)(2) when Defendant again moved to dismiss, nor did it explain to the district court below why justice might require a second opportunity to amend. We do not mean to suggest that Plaintiff would have prevailed on a motion to amend under Rule 15(a)(2). We merely note that Plaintiff inexplicably failed to follow the well-trodden procedural path toward amendment. As such, its claim that dismissal with prejudice denied it "the opportunity to have its day in court" is without merit.

We do not find that the district court abused its discretion in declining to grant Plaintiff a second bite at this apple. Permitting another round of amendments would have unduly protracted the proceeding below and promoted judicial inefficiency. Preventing these outcomes by dismissing Plaintiff's Second Amended Complaint with prejudice was a proper exercise of the district court's discretion in this matter.

13

## **CONCLUSION**

In light of the foregoing, we **AFFIRM** the district court's dismissal of

Plaintiff's Amended Complaint with prejudice.

14