[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12794
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24433-FAM

GREGORY WOODEN,

Plaintiff-Appellant,

versus

ALFREDO ARMENTEROS,
Detective Shield #7787,
Agency 30, Metro Dade Police,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 3, 2018)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Gregory Wooden, a state prisoner proceeding *pro se*, filed a civil-rights lawsuit under 42 U.S.C. § 1983 alleging that Detective Alfredo Armenteros wrongfully obtained his arrest by falsifying information in a probable-cause affidavit for a search warrant. In his complaint, Wooden alleged that Armenteros falsely stated in the affidavit that he personally observed Wooden sell cocaine from a residence to a confidential informant,[1] when, in fact, Wooden was working during the time of the alleged sale and Armenteros later admitted in his deposition that he did not observe the drug transaction, contrary to what he had stated in his official report. Wooden was arrested during the search of the residence, but the charges for sale of cocaine were later dismissed.

The district court, upon the recommendation of a magistrate judge, *sua sponte* dismissed Wooden's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), without granting leave to amend. According to the district court, Armenteros's allegedly false statement did not affect the probable-cause determination because, "under any fair reading of Plaintiff's complaint, Det. Armenteros did in fact send a [confidential informant] to the residence at issue, and that [confidential informant] did make a

---

[1] During the course of the district-court proceedings, Wooden also filed a copy of Armenteros's affidavit, which states, "I followed the 'CI' directly to the residence and observed the 'CI' arrive at the residence. The 'CI' met with Mr. Wooden and after a brief conversation handed him $20 of OAF. Mr. Wooden then responded to an undetermined location within the residence and approximately 1 minute later exited and handed the 'CI' suspect cocaine. I maintained a continual surveillance of the 'CI.'"

2

controlled buy." So, the court reasoned, Armenteros observed someone sell cocaine from the residence, even if that person was not Wooden. The court also noted that Wooden failed to allege that Armenteros knew that Wooden was not the person from whom the confidential informant purchased cocaine.

On appeal, Wooden argues that he should have been given at least one opportunity to amend his complaint before dismissal of his lawsuit. He maintains that he provided additional facts in support of his claim—specifically that Armenteros intentionally falsified facts in the search-warrant affidavit—in his objections to the magistrate judge's report and recommendation.

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) for failure to state a claim. *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). We review a district court's decision regarding leave to amend a complaint for an abuse of discretion, but its underlying conclusion of whether a particular amendment would be futile is reviewed *de novo*. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

Under § 1915(e)(2)(B)(ii), the district court must dismiss the complaint of a plaintiff proceeding *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Similarly, under § 1915A, the district court must dismiss the complaint of a prisoner

3

seeking redress from a governmental authority that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

To avoid dismissal for failure to state a claim, a complaint must include sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). The allegations in the complaint must be accepted as true and construed in the plaintiff's favor. *Id.* A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed, but it "must still suggest that there is at least some factual support for a claim." *Id.*

A district court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014). In addition, a *pro se* plaintiff "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding that this rule does not apply to counseled plaintiffs). This is true even where the plaintiff does not seek leave to amend until after the district court enters final judgment. *Id.* In evaluating whether a *pro se* plaintiff should be granted leave to amend his complaint, we may consider facts asserted by the plaintiff in objections

4

to the magistrate judge's report and recommendation.  *Boxer X v. Harris*, 437 F.3d 1107, 1112 n.4 (11th Cir. 2006).

Leave to amend need not be granted when amendment would be futile.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.").  If the issue of futility is close, we err on the side of generosity to the plaintiff.  *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003).

The Fourth Amendment requires that warrant applications contain sufficient information to establish probable cause.  *Holmes v. Kucynda*, 321 F.3d 1069, 1083 (11th Cir. 2003).  Although the information in a warrant affidavit need not be objectively accurate, the affiant must believe or accept that it is true.  *Id.* Accordingly, a police officer may be held liable under § 1983 for knowingly making false statements in a warrant affidavit.  *Id.*  To be actionable, the false statements must be material to the probable-cause determination.  *See Dahl v. Holley*, 312 F.3d 1228, 1235 (11th Cir. 2002) ("[T]he warrant is valid if, absent the misstatements or omissions, there remains sufficient content to support a finding of probable cause.").

5

Here, we conclude that the district court erred when it dismissed Wooden's lawsuit without providing him with an opportunity to amend his complaint.[2] Initially, we note that the district court is correct that, if a cocaine sale in fact occurred from the residence where Wooden was later arrested, the identity of the dealer is not particularly relevant to the determination of probable cause to search the residence for contraband. Regardless of the identity of the seller, the fact that a cocaine sale occurred at the residence would remain. So absent the false identification of Wooden, the search warrant likely would still be valid because the sale itself may have provided "sufficient content to support a finding of probable cause." *See Dahl*, 312 F.3d at 1235.

But Wooden did not allege that a cocaine sale in fact occurred, even if he summarized Armenteros's statements to that effect. So we cannot accept the truth of that fact. And Wooden's allegations otherwise reflect that he was not present at the residence during the purported cocaine sale and that Armenteros did not actually observe him at the residence. In addition, in his objections to the R&R, Armenteros asserted that "[t]he State Attorney found Det. Armenteros lied in his affidavit and later change[d] his story during deposition." In the light most favorable to Wooden, these allegations support Wooden's claim that Armenteros intentionally lied in the

---

[2] Wooden does not argue that his complaint, as written, stated a claim on which relief could have been granted. Accordingly, we limit our discussion to whether granting leave to amend would have been futile.

warrant affidavit in order to frame Wooden for selling cocaine. They also make it conceivable that Armenteros falsified more than just the identity of the dealer, and that Armenteros subsequently arrested Wooden despite knowing that he did not sell cocaine to a confidential informant. In light of the facts alleged both in Wooden's complaint and his objections to the magistrate judge's report and recommendation, and erring on the side of generosity to a *pro se* plaintiff, we cannot say that it would be futile to allow "at least at least one chance to amend the complaint before the district court dismisses the action with prejudice."[3] *See Bank*, 928 F.2d at 1112.

Accordingly, we **VACATE** and **REMAND** for further proceedings.

---

[3] The district court appears to have concluded that granting leave to amend would be futile because Wooden "would never be able to overcome Det. Armenteros' entitlement to qualified immunity." However, "[q]ualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Because Armenteros was not served with the complaint and did not file a motion to dismiss raising the affirmative defense of qualified immunity, we do not consider that defense at this early stage.