[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10798
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-03745-WMR

WASEEM DAKER,

Plaintiff - Appellant,

versus

REBECCA KEATON,
Clerk,
JAY E. STEPHENSON,
Former Clerk,
LISA BLALOCK, Deputy Clerk,
DARLENE CORBITT,
Deputy Clerk, Cobb County Superior Clerk,
MARY ELLEN STALEY, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 12, 2021)

Before MARTIN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint. In his complaint, Daker sought declaratory, injunctive, and monetary relief for alleged violations of his right to access the courts by state court officials, including court clerks, active judges, and senior judges. On appeal, Daker argues that the district court erred in dismissing his complaint because: (1) it did not give him notice and an opportunity to respond before dismissal, and (2) the defendants were not entitled to judicial immunity. After careful review, we vacate the dismissal of Daker's complaint and remand for further proceedings.

## I.

Daker filed this *pro se* § 1983 complaint against 19 Cobb County, Georgia officials, including active judges, senior judges, and court clerks. He alleged that the defendants delayed processing his habeas corpus petitions and mandamus actions, denying him access to the courts. Daker sought declaratory, injunctive, and monetary relief. At the time he filed the complaint, Daker sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

The district court initially dismissed Daker's complaint without prejudice for failure to pay the filing fee, concluding that he was not entitled to proceed *in forma*

2

*pauperis* because he had three or more strikes under the Prison Litigation Reform Act. *See* 28 U.S.C § 1915(g) (providing that a prisoner may not proceed *in forma pauperis* if he has, on three or more prior occasions, brought an action or appeal in federal court that was dismissed on grounds of frivolity, maliciousness, or failure to state a claim). Daker appealed, and we vacated the district court's initial dismissal, holding that the court erred in its three-strikes determination. *Daker v. Keaton*, 787 F. App'x 630, 634 (11th Cir. 2019) (unpublished).

On remand, the district court granted Daker leave to proceed *in forma pauperis* and dismissed the complaint under 28 U.S.C. § 1915A, concluding that all the named defendants were immune from § 1983 liability. The district court determined that the judge defendants were entitled to absolute judicial immunity from damages because Daker's allegations concerned acts (or failures to act) taken in the judges' judicial capacity and their jurisdiction was not in dispute. The district court concluded that the clerk defendants were encompassed by the judge defendants' absolute immunity because they engaged in duties integrally related to the judicial process. The court's order did not discuss the type of relief Daker sought, nor did it address Daker's entitlement to declaratory or injunctive relief. Because the district court's order did not state that the dismissal was without prejudice, the dismissal was with prejudice. *See* Fed. R. Civ. P. 41(b) (providing that any dismissal except for lack of jurisdiction, improper venue, or failure to join

3

a party under Rule 19 "operates as an adjudication on the merits" unless "the dismissal order states otherwise").

This is Daker's appeal.

## II.

Whether an official is entitled to absolute immunity is a question of law that we review *de novo*. *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017). We also review *de novo* a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). We liberally construe the pleadings of *pro se* litigants. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.

Under 28 U.S.C. § 1915A, a court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Judges are entitled to absolute judicial immunity from money damages for acts taken in their judicial capacity unless they acted "in the clear absence of all

4

jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted). Court clerks are entitled to absolute immunity from money damages actions arising from acts they are specifically required to do under court order or at a judge's direction. *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. June 1981).[1] Absolute immunity also bars claims for injunctive relief brought against "a judicial officer for an act or omission taken in such officer's judicial capacity" except in limited circumstances: "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Judicial officers also are not absolutely immune from suits for declaratory relief if the plaintiff establishes a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *Bolin*, 225 F.3d at 1242.

Daker argues that the district court erred in dismissing his complaint on judicial immunity grounds. He contends that the judge and clerk defendants were not entitled to judicial immunity as to his claims for declaratory or injunctive relief and that the court clerk defendants were not entitled to immunity as to his claim for monetary relief. As we explain below, we agree with Daker that the district court

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

5

erred in dismissing his claims for declaratory and injunctive relief at this point, but reject his argument as to his claim for monetary relief.

The district court properly concluded that the judge and clerk defendants were entitled to absolute immunity from Daker's claims for monetary damages. As to the judge defendants, Daker's allegations involve judicial functions, and there is no indication in the complaint that the defendants were acting "in the clear absence of all jurisdiction." *Id.* at 1239 (internal quotation marks omitted). The clerk defendants were also entitled to absolute immunity from monetary damages because, as Daker alleges in his complaint, the clerks undertook the actions he contests at the direction of Cobb County judges. *See Tarter*, 646 F.2d at 1013.

The district court erred, however, in not addressing Daker's claims for declaratory and injunctive relief. For a plaintiff to receive injunctive relief against a judicial officer under § 1983, the officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable, 42 U.S.C. § 1983; to receive declaratory relief, the plaintiff must establish a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law, *Bolin*, 225 F.3d at 1242. Here, the district court failed to evaluate (1) whether declaratory relief was unavailable to Daker such that he was entitled to injunctive relief[2] and (2) if declaratory relief was available, whether

---

[2] There is no indication that any of the defendants violated a declaratory decree.

6

Daker's allegations made the requisite showing under *Bolin* of entitlement to such relief. Instead, the court concluded that all defendants were entitled to judicial immunity from Daker's suit without addressing Daker's claims for declaratory and injunctive relief. This was error that requires us to remand for the district court to conduct this analysis in the first instance.[3]

IV.

For the foregoing reasons, we vacate the district court's order and remand for further proceedings consistent with this opinion.[4]

**VACATED AND REMANDED.**

---

[3] We express no view on whether Daker's complaint sets forth a viable claim for declaratory or injunctive relief. We believe the district court is best suited to address this question in the first instance. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the court of appeals, to be exercised on the facts of individual cases.").

Because we vacate the district court's order and remand for the reasons stated above, we do not address Daker's argument that the district court erred by not giving him notice of that order and an opportunity to respond. We note that a district court must give a *pro se* plaintiff at least one opportunity to amend his complaint before dismissing it with prejudice, unless the plaintiff clearly indicates he does not want to amend the complaint or if amendment would be futile. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs).

[4] After filing this appeal, Daker submitted a letter pursuant to Fed. R. App. P. 28(j) requesting appointment of counsel to brief this appeal, which we construe as a motion for appointment of counsel. Having decided the appeal, we deny Daker's motion as moot.