[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10293

Non-Argument Calendar

_____

In re: FELISSA GRISSETT,

Debtor.

_____

FELISSA GRISSETT,

Plaintiff-Appellant,

*versus*

NORTHERN DISTRICT OF BANKRUPTCY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-00308-MHC

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Felissa Grissett appeals the district court's dismissal of her complaint against a bankruptcy court as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Grissett requested that the district court remove her pending matter before the bankruptcy court. The district court determined that her request lacked merit because it had no basis in law or fact. The district court dismissed her action with prejudice. On appeal, she does not dispute the district court's findings or analysis but argues, for the first time, that the district court violated her fundamental rights. She also contends that the district court misapplied procedural rules. After careful review, we affirm the district court's dismissal.

**I.**

Grissett, proceeding *pro se*, applied for *in forma pauperis* status, and the district court granted her request. In her complaint, she asked the district court to remove her pending case before a bankruptcy court because she asserted that, among other things, the bankruptcy judge exhibited "bias" and behaved "unfair[ly]." She further alleged that Houston County "solicited" the bankruptcy court to "harass" her to "cover-up the molestation of children." She

25-10293                Opinion of the Court                3

asked the district court to dismiss her bankruptcy case because she claimed that she fulfilled her "obligations per Chapter 13 plan."

Four days after she filed the complaint, the district court dismissed her action, *sua sponte*, for three reasons. *See* 28 U.S.C. § 1915(e)(2)(B)(i). First, the district court determined that Rule 1097 of the Federal Rules of Bankruptcy Procedure relates to removing matters from district court to bankruptcy court—not the inverse, as Grissett suggested. Second, under 28 U.S.C. § 157, the district court explained that it could only withdraw the proceeding from bankruptcy court if the party complied with local rules and showed cause. The district court observed that Grissett neither complied with the rules nor demonstrated cause. Third, the district court observed that it lacked jurisdiction to consider Grissett's appeal of the bankruptcy court's decision because she had failed to file a notice of appeal. After determining that any amendment to the complaint would be futile, the district court dismissed the action with prejudice.

Grissett appealed and filed several motions, requesting, among other things, an expedited decision and oral argument.

## II.

We review a district court's dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

### III.

A district court "shall dismiss"—"at any time"—an *in forma pauperis* action that it deems "frivolous or malicious." 29 U.S.C. § 1915(e)(2)(B)(i). We liberally construe *pro se* pleadings, but we "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Thus, a *pro se* appellant abandons an issue by failing to brief it on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Grissett makes two arguments on appeal. First, she contends that the district court violated her fundamental rights by dismissing her complaint. Second, she argues that the district court procedurally erred by dismissing her complaint four days after she filed it. We address each argument in turn.

First, Grissett contends, for the first time on appeal, that the district court has been "solicited to harass" her and violated her fundamental rights by dismissing her complaint. We generally will not answer an issue that a party raises for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Here, no district court has "ma[d]e any findings as to the new allegations." *Id.* at 1332. We also "cannot act as de facto counsel" and rewrite Grissett's appeal to sustain her action. *See Bilal*, 981 F.3d at 911. Because Grissett raises a new issue, without any sort of factual record on that issue, we refrain from addressing a matter that is not properly before us.

Second, Grissett argues that the district court procedurally erred. She contends that the district court's "hasty dismissal" "blatantly" violated Rule 3 of the Federal Rules of Appellate Procedure. We disagree. The district court granted Grissett's request for *in forma pauperis* status under 28 U.S.C. § 1915(a). When a district court grants that status, section 1915(e)(2)(B)(i) provides that "the [district] court shall dismiss the case at any time if the court determines that" an *in forma pauperis* action is "frivolous or malicious." That section applied to the district court's dismissal of Grissett's claims as "frivolous." Contrary to Grissett's contentions, Rule 3 of the Federal Rules of Appellate Procedure governs appeals from the district court to a court of appeals; it does not govern the district court's ability to dismiss a complaint as frivolous. *See* 29 U.S.C. § 1915(e)(2)(B)(i).

Because the district court correctly applied section 1915(e)(2)(B)(i) after determining that Grissett's action was "frivolous," we cannot say that the district court abused its discretion.

Relatedly, the district court did not abuse its discretion in dismissing the action with prejudice after determining that any amendment of the complaint would be futile. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.2 (11th Cir. 2002). Grissett has neither identified a cause of action nor pleaded facts from which we could infer a desired cause of action that would entitle her to relief.

**IV.**

The district court's dismissal of Grissett's action is **AFFIRMED**.

Grissett's motions for oral argument are **DENIED** because oral argument would not aid in our decisional process. *See* Fed. R. App. P. 34(a)(2). Grissett's remaining motions are **DENIED AS MOOT** because the appeal has been resolved. *See* Fed. R. App. P. 27; 11th Cir. R. 27-1, I.O.P. 3.